T. E. Buckman, Clerk, &c., Appellant, vs. Mary Alexander, et. al., Appellees.

1. Section 9 of Article XVI of the Constitution, providing for the payment by the State of costs and expenses in criminal prosecutions in certain cases, refers to all the costs and expenses, and not merely to those made by the State.

2. Section 4 of the act of 1887, (chapter 3702,) to "provide for and regulate the payment of costs and expenses in certain cases of criminal prosecutions by the State," does not require that a person not insolvent shall take the oath there prescribed in order if he is discharged to put the payment of the costs and expenses of the case upon the State.

3. The regulations of that act are not in violation of the Constitution.

4. The witnesses of a discharged defendant who has not taken the oath of insolvency in a criminal prosecution should be put upon the pay roll and paid by the State under the regulations of the act of 1887, chapter 3701, to "provide the manner of payment of jurors and witnesses to be paid by the State ;" but the court should not go beyond a general judgment that the costs be paid by the State, leaving the ascertainment of costs and the payment to be made as the several statutes direct.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*The Attorney-General* for Appellant.

*A. W. Cockrell & Son* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

A criminal prosecution resulted in the acquittal of defendant. Thereupon a motion was made on behalf of his witnesses, that the clerk be required to pay them their fees. The clerk, in response to the motion, says that the defendant, having refused and neglected to file an affidavit of insolvency, as required by section 4, of chapter 3702, of the laws of the State, he (the clerk) refused to pay them under instructions of the Comptroller and the opinion of Attorney-General, and that he has no money to pay witnesses except that furnished by the Comptroller to be used only in accordance with said instructions; and his refusal was because of the failure of defendant to comply with the requirements of the statute. The court on consideration of the motion adjudged that the costs and expenses of the said witnesses were justly and legally taxable, and that the clerk in his official capacity should pay them. From this the clerk appeals.

The errors assigned are substantially that as defendant had not made the affidavit required, the court should not have ordered payment of his witnesses, and that the Judge had no jurisdiction to make such order.

The statute in which the sec. 4 referred to occurs is an "Act to provide for and regulate the payment of costs and expenses in certain cases of criminal prosecutions by the State," and the section is as follows:

" In case any person is brought to trial in any Circuit Court, or other court of criminal jurisdiction of this State other than a court of a Justice of the Peace, and such person makes and files affidavit that he is insolvent and unable to pay the costs of his defence or of procuring the attendance of his witnesses, and that certain witnesses, naming them and stating what he expects each to testify, are necessary to his defence, and that he cannot procure their attendance without subpœna, the Judge of such court shall, if satisfied of the good faith and truth of such affidavit, order that subpœna to be issued and served to procure the attendance of such witnesses, not to exceed two to prove any one fact, and all the witnesses named in such affidavit to be included in one subpœna, and that the costs in such case, when audited and approved, as hereinafter provided, be paid by the State. If the defendant in any criminal case in any such court shall be discharged or acquitted, and shall have paid any taxable costs in the case, the clerk of such court shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved, as hereinafter provided, shall be refunded to him by the State."

The position of the clerk, sustained by the Comptroller and Attorney-General, is that the law does not authorize or permit the payment of defendant's witnesses in the absence of the affidavit this section requires. On the other hand, it is contended in behalf of the witnesses that the requirement is unconstitutional, that the Constitution directs in case of the discharge or acquittal of a defendant under prosecution that the State shall pay all costs, including fees of defendant's witnesses, and that the legislature had no power to put such restriction upon the payment as the section in question and other sections of the act provide.

This presents an issue that opens the question whether the act is a valid one.

It may be premised that at common law neither party could be charged with the costs of the other, and it was only by statute that such a charge came to be allowed, but even after that in England and in this country the sovereign or the State was not chargable with costs, either in civil or criminal cases, unless there was express provision of law to authorize it. So that, the question presented to us, is to be solved entirely by a consideration of the statute as affected by the Constitution.

In the Constitution there are three clauses relating to witnesses and costs in criminal prosecutions.

Sec. 11 of the Declaration of Rights provides that in such prosecutions the accused " shall have * * * compulsory process for the attendance of witnesses in his favor."

Sec. 14 of this declaration provides that " no person shall be compelled to pay costs except after conviction on a final trial." Sec. 9, of Article XVI, provides that " in all criminal cases prosecuted in the name of the State, where the defendant is insolvent or discharged, the State shall pay the legal costs and expenses, including the fees of officers under such regulations as shall be prescribed by law."

This latter section is the only one relating to the payment of costs by the State, and it is contended on the part of the State that the " costs and expenses " there provided for are the costs and expenses of prosecution—that is, those made by the State as a party in the case. We cannot concur in this view, and do not think the case of Prince vs. State, 7 Humphreys, 137, cited to sustain it, is upon a statute as broad and comprehensive in its language as this clause of our Constitution. When it is considered that at

the time of the adoption of the Constitution there was legislation that provided for payment of costs by the State in criminal prosecutions, including those of the defendant, as well as those of the State, and that there is nothing in the language of the Constitution to indicate any limitation of the costs to those of the prosecution, the inference must be that there was no purpose to change the previous policy. This was evidently the view of the Legislature which passed the act we are considering, and we think this legislative construction the correct one.

Then, taking these clauses of the Constitution together, we think it clear that the accused, whether solvent or insolvent, is entitled to have process for his witnesses, and to have the same served, without payment of the fees of officers; that if insolvent or discharged, the State shall pay the costs of the prosecution under regulations prescribed by law; and that if solvent he cannot be made to pay costs until conviction on final trial, having none to pay if discharged. Does the act in question, prescribing regulations, violate these provisions? Though the case before us does not fully present the question, the importance to the public of its early determination induces us to express our conclusions on it.

We omit comment on the first three sections concerning cases before Justices of the Peace, and confine our attention to so much of the act as relates to prosecutions before other courts. Section 4, above recited, contains nothing that, in our view, infringes the Constitution. The first clause has reference only to persons who are insolvent, and there is nothing in it, as seems to be supposed, that touches a solvent person. The second clause in regard to costs already paid, applies alike to solvent and insolvent defendants. A construction that holds the oath required to be a prerequisite to the payment by the State of the costs made

by a discharged solvent defendant, is not warranted by the language there used. Nor could it have been the intent of the Legislature to require an oath of insolvency from one who is not insolvent, before allowing the costs to be paid by the State in case of acquittal. It is not to be supposed that the Legislature would make a regulation that would entirely defeat the terms and purpose of the Constitution. That instrument says the State shall pay the costs of a criminal prosecution when the defendant is discharged under regulations prescribed by law. To pass a law that necessarily nullifies this obligation of the State, would be not to regulate the payment of costs, but to prevent payment by overriding the Constitution. The regulation of a duty cannot be made to extend to the abrogation of that duty. But we think such abuse of authority cannot be charged upon the Legislature. It is that the act is silent as to the payment of costs by the State in case a solvent defendant is discharged, except where it includes him if he has paid costs before his discharge; but that does not relieve the State of costs that have not been paid in such case. It would seem that the Legislature did not consider that any further specific regulation was necessary in this act on that subject; and doubtless for the reason that as to witnesses, a previous act, chapter 3701, to " provide the manner of payment of jurors and witnesses to be paid by the State," covered the case of a solvent defendant's witnesses. The first and second sections of that act are as follows: Section 1. " That within four weeks of the commencement of any term of the Circuit Court in and for any county in this State, whether the same be a regular, special or adjourned term, the Clerk of the Circuit Court of such county shall make an estimate of the amount necessary for the payment of jurors and witnesses to be paid by the State at said term of court, and shall forward such estimate to the Comptrol-

ler of the State; and at the time of forwarding such estimate the clerk shall make his requisition upon the Comptroller for the amount of such estimate, and the Comptroller shall have power to reduce the amount if in his judgment the requisition is excessive."

Sec. 2. " Upon the receipt of such estimate and the requisition from the clerk of the Circuit Court, the Comptroller shall receipt to the Treasurer for the amount of said requisition, or so much thereof as he may deem necessary for the pay of said jurors and witnesses to be paid by the State, and transmit the same to such clerk of the Circuit Court."

We see no reason why the witnesses of a solvent defendant, who has been discharged, should not be paid out of the funds procured under these sections. Upon his discharge the costs are adjudged against the State in pursuance of section 9, Article XVI, of the Constitution; and the Legislature by the above sections has regulated the matter of ascertaining and paying so much of those costs as will go to his witnesses. They are costs. " to be paid by the State " as much as those of the State's own witnesses. Other costs of his case, as fees of officers, are provided for in the act first mentioned, which so far as a solvent defendant discharged is concerned must be freed from the requirements of section 4, but not from the requirements of other sections of that act.

But a further regulation is to be found in section 5 of the latter act.

" The defendant's witnesses (in case the requirements of the foregoing section are complied with, in the cases and to the extent therein provided for), in courts other than Justices' Courts, shall be put upon the pay roll and paid as witnesses for the State are paid; the bills of all costs, fees or expenses, other than juror or witness fees, in the prosecution of any criminal case in such courts, which, by the

Constitution or by statute, are required to be paid by the State, shall be submitted, itemized, to the County Commissioners of the county in which such court is held, and no such bill shall be paid until such board of County Commissioners shall have approved the same, and certified thereon that the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein, nor until the same has also been audited and approved by the Comptroller."

It may be said this applies only to insolvent persons because of the words in parenthesis. To meet that view, it is necessary to consider the purpose of the act, and whether it is to be limited to costs in the cases of insolvent defendants. The constitutional provision gave costs against the State on defendant's discharge, but subject to regulation by law. Evidently the purpose of this act was to carry out that provision. It was the duty of the Legislature to do so, and it is to be presumed it intended to do so. Dealing with the matter of payment of costs by the State, and acting under injunction to regulate the payment, not alone in the cases of insolvent defendants, but also in the cases of defendants discharged, whether solvent or insolvent, the Legislature in passing the act must be credited with a purpose in full measure with its duty, so far as that duty had not been performed by the regulations of another act. The act is not the source of the obligation of the State to pay costs. That source is found in the Constitution. The function of the act was only to prescribe the manner in which payment should be made. As to witnesses to be paid by the State, this section 5 makes no regulation beyond requiring that defendant's witnesses in the cases mentioned in section 4 shall be put upon the pay roll and paid as witnesses for the State are paid. The supervision given to the Board of County Commissioners

and the Comptroller, is of " bills of all costs, fees or expenses, other than juror or witness fees." Whatever objection, therefore, is raised to such supervision, has no application to the case before us, that of the fees of witnesses, and the same may be said as to the supervising power given to the Comptroller by section 8 of the act. We think the " costs, fees or expenses" of prosecutions referred to in that section to be supervised are intended to mean what they do as used in section 5. It is true there is not in terms the same qualification, but, to make the two sections consistent, it would seem that the power given to the Comptroller in both had reference to the same class of " costs, fees or expenses," and that section 8 was intended only to regulate more fully as to them.

We find nothing unconstitutional in any of the regulations of the sections of the act under review. The State, departing from the ancient rule, undertakes to pay the costs of criminal cases prosecuted in its courts, where the defendant is insolvent or discharged ; but that this liberality may not be made the source of abuse, the undertaking is to be guarded by regulations of law. The regulations adopted may seem to be stringent and hard, but not for that reason invalid ; and would only be so where the effect would be to defeat the undertaking entirely, or to render it practically null. That requirement of an insolvent defendant, that he shall disclose in his oath what he expects to prove by his witnesses, which is so strongly denounced in argument, is nothing more than what is invariably required of a party in his affidavit for continuance.

But it is said that a regulation which submits costs to the surpervision of County Commissioners and the Comptroller is an invasion of the province of the judiciary, and in violation of that article of the Constitution which prohibits officers of one of the three departments of govern-

ment from exercising any of the powers appertaining to either of the others. We think otherwise. The court adjudges costs, but when these are against the State, where the Constitution and statutes authorize it, there the power of the court ceases.

As to the moneys of the State, they can only be disbursed by the Treasurer upon the order of the Comptroller, countersigned by the Governor. Sec. 24, Art. IV, of the Constitution. The court cannot direct that an execution be issued for the collection of those costs ; and the State will pay them only in such way as itself prescribes. In the case ot witnesses they should be put upon the pay roll and paid as the statute directs.

Our conclusion is, that the witnesses in the case were entitled to pay from the State, but that the court erred in going beyond a general judgment to that effect. The payment is to be made through the Comptroller and the Clerk, in accordance with the directions of the statute, Chapter 3701.

The order of the court is reversed.