282 So.2d 873 (1973)
George V. WARREN et al., Appellants,
v.
Nicholas J. CAPUANO, Appellee.
No. 43293.
Supreme Court of Florida.
June 27, 1973.
Rehearing Denied October 3, 1973.
Michael B. Small, County Atty. and R. William Rutter, Jr., Asst. County Atty., for appellants.
Nicholas J. Capuano, Miami, for appellee.
ERVIN, Justice.
We consider in this case an appeal of the Board of County Commissioners of Palm Beach County, Florida, from the decision of the District Court of Appeal, Fourth District, initially construing a controlling new provision of the State Constitution (1968 revision) with reference to the allowance of costs and expenses of a defendant (Nicholas J. Capuano) who was discharged from prosecution in a criminal case. See Warren v. Capuano, DCA 4th, 269 So.2d 380.
The facts are set forth fully in the District Court Opinion and it is unnecessary to restate them here except where pertinent to our decision.
After his discharge from prosecution, Capuano (Appellee here), a solvent defendant, sought recovery of certain amounts totalling $2,124.64 from the County Commission which he claimed he had expended for witness fees, mileage, hotel bills, bail bond premiums and filing fees. Following denial thereof by the County Commission, Capuano sued the Commissioners in the Circuit Court and by summary judgment recovered all he claimed, save bail bond premium expense of $150 and hotel expense of Capuano in the sum of $85.82, which he claimed he incurred while in West Palm Beach away from his home in Miami in order to appear in court in connection with the criminal charges lodged against him. In passing, we note that we do not undertake to pass upon the validity *874 of these two disallowances since they are not cross-appealed here. However, reference for comparison purposes is made to Lillibridge v. City of Miami, Fla., 276 So.2d 40, and Wood v. City of Jacksonville, Fla.App.1st, 248 So.2d 176.
As will appear from its opinion, the District Court in affirming the judgment of the trial court discussed and interpreted Section 19, Article I of the 1968 revision of the Florida Constitution, F.S.A., as well as pertinent provisions of the 1885 State Constitution, i.e., Section 14, Declaration of Rights and Section 9 of Article XVI (Section 9, Article XVI became a statute pursuant to Section 10, Article XII of the schedule of the 1968 constitutional revision). The District Court also referred to and discussed the application of F.S. Sections 939.06, 939.07 and 939.08, Section 142.09, Section 48.021, and Chapter 942, F.S.A., to this case.
It is quite apparent that the District Court construed Section 19, Article I of the 1968 revision of the Florida Constitution in the light of the statutes referred to in the immediately preceding paragraph. In reference thereto the District Court said:
"Not only is there authority for the payment of costs in criminal proceedings found in the above quoted statutes, it is also found in § 19, art. I of the 1968 revision of the Florida Constitution, F.S.A. which provides:
"`No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final.'
"This section was derived from § 14, Declaration of Rights, of the Constitution of 1885."
It also said:
"The courts have historically followed the direction of the constitution and the statutes and have held that the defendants in criminal cases who are acquitted or discharged be allowed cost, and that the cost should be paid by the county. De Soto County Com'rs v. Howell, 51 Fla. 160, 40 So. 192 (1906); Buckman v. Alexander, 24 Fla. 46, 30 So. 817 (1888)."
The gist of the District Court's interpretation is that a controlling new provision of the State Constitution denotes that "defendants in criminal cases who are acquitted or discharged be allowed cost, and that the cost should be paid by the county" and that this provision has been followed by the courts and that the Legislature has duly implemented this constitutional mandate by statutes. This is clearly an express construction of a controlling provision of the Constitution. Cf. Lillibridge v. City of Miami, supra.
Affirmed.
CARLTON, C.J., and ROBERTS, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.