296 So.2d 86 (1974)
Donald William DORAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 74-305.
District Court of Appeal of Florida, Second District.
June 19, 1974.
*87 Charles R. Holley, Naples, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Judge.
The petitioner seeks review by common law certiorari of a Circuit Court order affirming the refusal of the County Court to tax certain costs against the county. The petitioner had been charged in the County Court with driving while under the influence of alcoholic beverages and was subsequently acquitted. The disputed items were the premium for a bail bond obtained prior to trial and a fee charged for towing petitioner's automobile off the street following his arrest.
There is both constitutional[1] and statutory[2] authority for the reimbursement of costs to an acquitted or discharged defendant. The determination of which costs may be taxed has been left to the courts.
The First District Court of Appeal has specifically held that a bail bond premium is not taxable.[3] Our Supreme Court has not passed on the question.[4] Petitioner argues by analogy that the Supreme Court in Lillibridge v. City of Miami, Fla. 1973, 276 So.2d 40, held that a supersedeas bond posted by a defendant pending appeal was taxable upon the reversal of his conviction. However, the crux of the court's holding in Lillibridge was that this was an appeal from a municipal court in which the posting of a bond was a condition to the filing of the appeal.
There are many expenses which one may incur because he is charged with a crime. Yet, only those items reasonably within the scope of statutory authority are taxable. Absent more specific legislative mandate, we are reluctant to read into the law a necessity for the imposition upon the public of the staggering expense which would follow if reimbursement were required for all bail bond premiums of persons ultimately acquitted or discharged of the crime for which they were charged.[5]
There are no cases in which the taxability of the towing fees has been considered. This expense seems more remote than the bail bond premium. Moreover, the towing is as much for the benefit of the person arrested as it is for the public.
The petition for writ of certiorari is denied.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] Fla. Const. art. I, § 19, F.S.A.
[2] § 939.06, F.S.A.
[3] Wood v. City of Jacksonville, Fla.App.1st, 1971, 248 So.2d 176.
[4] But see Warren v. Capuano, Fla. 1973, 282 So.2d 873.
[5] While not raised by either party, an argument could also be made that § 57.071(1) requires the reimbursement of the bail bond premium. However, in view of the legislative history of that section, we believe it was intended to relate to civil actions.