314 So.2d 788 (1975)
James POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 73-547.
District Court of Appeal of Florida, Second District.
May 7, 1975.
On Rehearing June 4, 1975.
Levine, Freedman & Hirsch, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Guy E. Labalme, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant Powell, found not guilty of murder by reason of temporary insanity, argues that the trial court erred in not assessing the witness fees and expenses of his expert witnesses, and the costs of deposing these and other witnesses, as taxable costs against the county.
As we noted in Doran v. State, Fla.App.2d 1974, 296 So.2d 86:
"There is both constitutional and statutory authority for the reimbursement of costs to an acquitted or discharged defendant. The determination of which costs may be taxed has been left to the courts."
* * * * * *
"There are many expenses which one may incur because he is charged with a crime. Yet, only those items reasonably within the scope of statutory authority are taxable." (Emphasis supplied)
Certainly, Fla. Stat. § 939.06 (1973) establishes a general policy which prohibits the imposition upon an acquitted defendant *789 of any costs or fees of the court or any ministerial office incurred in connection with his prosecution. Wood v. City of Jacksonville, Fla.App. 1st 1971, 248 So.2d 176. And § 939.07 provides for the payment of the witness costs of an acquitted or discharged defendant "as is prescribed for the payment of costs incurred by the county in the prosecution of such cases."
Reasonable fees for expert witnesses are authorized and taxable as costs in civil cases, Fla. Stat. § 90.231 (1973), and are statutorily authorized in criminal cases under certain circumstances. For instance, Fla. Stat. § 914.06 provides "reasonable compensation" may be taxable as costs when "in a felony case, on motion of the state or an indigent defendant," the court requires the attendance of an expert witness whose testimony is found relevant to the issues of the case.[1]
Since under § 914.06 the county could tax the reasonable compensation of its expert witnesses as costs against a convicted defendant, we think that an acquitted, non-indigent defendant may do likewise against the county. Thus, we remand this case for reconsideration of the costs of expert witnesses fees, but affirm the trial court's ruling as to deposition costs and other expenses.
Affirmed in part. Reversed and remanded for further proceedings.
GRIMES, J., and SCHWARTZ, ALAN R., Associate Judge, concur.

ON PETITION FOR REHEARING
PER CURIAM.
Appellant's petition for rehearing points out that the trial court did not make a determination as to whether or not the depositions, for which appellant seeks costs, served a useful purpose in the appellant's defense of the charge. If upon remand the trial court finds that such depositions served a useful purpose in appellant's defense, the costs attendant thereto shall be allowed appellant as taxable costs.
In all other respects the original opinion stands as the opinion of this court.
HOBSON, A.C.J., GRIMES, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Florida Statute § 918.11 (1973) additionally provides:

"Expert witnesses appointed by the court to determine the mental condition of a defendant in a criminal case shall be allowed reasonable fees for services rendered as witnesses, which shall be paid by the county where the indictment was found or the information or affidavit was filed. The fees shall be taxed as costs in the case." (Emphasis supplied) (See, also, RCrP 3.210.)