317 So.2d 792 (1975)
Timothy Alan DINAUER, Appellant,
v.
STATE of Florida, Appellee.
Nos. X-26, X-27.
District Court of Appeal of Florida, First District.
September 10, 1975.
Frederick B. Tygart, of Tygart & Tygart, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
By these consolidated appeals, appellant Dinauer challenges the trial court's orders denying his motions for assessment of costs.
Dinauer was charged by information with possession of a controlled substance and walking on a limited access highway. In preparation for the trial court's Case No. 74-1884-CF (X-27), Dinauer expended the sum of $93.75 in taking the depositions of three police officers. The trial jury was sworn on July 29, 1974, and on the following day, July 30, the State entered a nolle prosequi of this case.
Following the nolle prosequi in Case No. 74-1884-CF (X-27), the State filed an *793 identical information against Dinauer in Case No. 74-3304-CF (X-26). A nolle prosequi was subsequently entered in this case by the State on September 16, 1974.
Apparently after his initial arrest, Dinauer returned to his home in Milwaukee, Wisconsin, for he claims travel expenses from Milwaukee for attendance of the July 29, 1974, trial as a part of his cost bill. In our Case No. X-27, Dinauer itemizes his costs as:

 Plane fare from Milwaukee, Wisconsin $170.00
 Lodging for three nights 30.00
 Meals for three days 10.00
 Court reporter's fee for taking depositions
 of Officers Sweeney, Britt and Zier
 (per diem  $25.00, original  $68.75) 93.75
 _______
 Total $303.75

In our Case No. X-26, Dinauer itemizes his costs as:

Bail bond premium to American Bail Bond, Inc.
 d/b/a American Dixie Bonding
 Company  Total $150.00

In Wood v. City of Jacksonville,[1] this Court, in reviewing the question of assessment of costs in criminal cases, held:
"Costs as such in criminal cases were unknown to the common law. As a consequence, recovery and allowance of such costs rest entirely on statutory provisions and no right to or liability for costs exists in the absence of statutory authorization. The foregoing principle has been adopted as the prevailing rule in this state."
In reviewing the itemized costs submitted by the appellant in Wood, this Court rejected the premium sought for bail bond and approved those sums sought for the transcript of testimony.
In Warren v. Capuano,[2] the Supreme Court reviewed a decision of the Fourth District Court of Appeal which initially construed a controlling new provision of the Florida Constitution (1968) pertaining to the subject matter under consideration. There, the Supreme Court held:
"The gist of the District Court's interpretation is that a controlling new provision of the State Constitution denotes that `defendants in criminal cases who are acquitted or discharged be allowed cost, and that the cost should be paid by the county' and that this provision has been followed by the courts and that the Legislature has duly implemented this constitutional mandate by statutes."
In affirming the District Court, the Supreme Court stamped with approval the District Court's opinion[3] affirming the trial court's assessment of enumerated costs. The opinion by the District Court observed that the trial court found Capuano entitled to recover:
"... proper taxable costs subject to the provisions of the Florida Statutes § 939.08, F.S.A., ... Capuano then instituted his action in the circuit court for the payment of the costs by the county to recover the amount of $2,124.64, expended for witness fees and mileage, bail bond premiums and filing fees. The circuit judge in his summary judgment ordered the reimbursement of the costs petitioned by the defendant with the exception of a bail bond premium expense of $150 and a hotal expense of $85.82, ... ." (emphasis supplied)
In analyzing the claims of Dinauer, we conclude that the sum of $93.75 expended for taking the officers' depositions is a proper taxable cost and that the trial court erred in not assessing same. As to the remainder of Dinauer's claim for costs, we conclude that defendant-appellant's *794 travel expenses, hotel expenses, meals, and bail bond expense are not "proper taxable costs".
Affirmed in part; reversed in part.
MILLS and SMITH, JJ., concur.
NOTES
[1] Wood v. City of Jacksonville, 248 So.2d 176 (1 Fla.App. 1971).
[2] Warren v. Capuano, 282 So.2d 873 (Fla. 1973).
[3] Warren v. Capuano, 269 So.2d 380 (4 Fla. App. 1972).