350 So.2d 1100 (1977)
Ramon BENITEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-289.
District Court of Appeal of Florida, Third District.
September 27, 1977.
Rehearing Denied November 10, 1977.
*1101 Pollack, Rosenfeild, Spain & Cullen; John H. Lipinski, Miami, for appellant.
Richard E. Gerstein, State Atty., and Milton Robbins, Asst. State Atty., for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
PEARSON, Judge.
The controlling question presented on this appeal[1] is whether investigative costs incurred by a defendant in a criminal proceeding may be recovered from the State as taxable costs upon defendant's acquittal of the crime charged in the criminal proceeding. We hold that as a matter of law, investigative costs are not recoverable as taxable costs.
Appellant Ramon Benitez was charged by indictment with first degree murder on June 25, 1975, of effecting the death of one Mario Pineiro by shooting him with a pistol. The charge carried with it a maximum sentence of life imprisonment.
A Demand for Discovery pursuant to Fla. R.Crim.P. 3.220 was entered July 7, 1975. The appellant was granted a Motion for Continuance on November 13, 1975, alleging that depositions of four key witnesses had been taken and that said depositions revealed serious conflicts among the witnesses relative to whether or not a gun defendant submitted was in the possession of the victim at the time of the shooting. Further, the proposed witnesses were friends of the deceased and business partners with him, and it has been necessary for the defendant to discover independent witnesses relative to the matters in controversy. Also, the investigators for Dave Hellman Detective Agency had interviewed Nilas Alvarez, who is the owner of the Nilas Beauty Shop, located in the shopping plaza where the homicide occurred, and were advised by Alvarez that there were two witnesses to the event who came into her store and said they heard the victim aggressively threaten to kill the defendant. It was utterly necessary and mandatory for Ramon Benitez to expend certain sums of money in his defense to find key witnesses not supplied concurrently with his Demand for Discovery. The appellant successfully utilized a defense of self-defense; however, it was totally necessary to locate witnesses who could corroborate this defense. The incident took place in a crowded neighborhood shopping center and the possibility that there were persons who witnessed the event required independent investigators.
The reports of both the Dave Hellman Detective Agency and the La Mar Detective Agency were extensively used in counsel's cross-examination of the witnesses called on behalf of the State of Florida. Further, the witnesses produced on behalf of appellant contributed to, and were instrumental in, the ultimate verdict in the cause of not guilty on November 4, 1976.
In presenting his argument for reversal, appellant agrees that the position that he maintains is not supported by a decided case in this state. He has also failed to cite the court to any authority from any other jurisdiction holding that investigative costs are taxable costs. Appellant further agrees that there is no specific statutory authority *1102 for his position. He urges that the public policy of the state as expressed by the constitution[2] and the statutes is that an acquitted defendant ought to be allowed the reasonable costs necessary for his defense and, therefore, that this court should hold that an acquitted defendant should not be penalized by having to bear the costs necessary for his defense.
The record reveals that the appellant is solvent. He is, therefore, not entitled to the benefits of the public defender system or any of the statutes enacted for the protection of insolvent defendants. See Section 27.53(1), Florida Statutes (1975); but cf. Attorney General Opinion 075-64.
At common law, the right to recovery of costs in a criminal proceeding was unknown. See Warren v. Capuano, 269 So.2d 380 (Fla.4th DCA 1972). It is only by statutory authorization that any right to recover costs exists. See 20 Am.Jur.2d Costs § 100 (1965).
Section 939.06, Florida Statutes (1975), specifically provides:
"939.06 Acquitted defendant not liable for costs. No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county."
The only way in which the investigative costs could be held to be taxable costs would be for this court to hold that the term "taxable costs," as used in Section 939.06, Florida Statutes (1975) means all reasonable and necessary costs.[3] Such an interpretation would be contrary to the holding of the courts of this state. See Doran v. State, 296 So.2d 86 (Fla.2d DCA 1974); Holton v. State, 311 So.2d 711 (Fla.3d DCA 1975). See also 20 C.J.S. Costs § 457b (1940).
While there is force to the argument that an innocent defendant who has been acquitted of the crime charged should be left as whole financially as a land owner whose property is taken by the State, we think that such judicial legislation would be improper by this court and that the matter must properly be left to the legislative authority. We are impelled to note that appellant's reasoning would place an incalculable burden upon the State in the prosecution of criminal offenses because in each case in which a conviction was not secured, the State would be charged with all "reasonable and necessary costs." Such costs might well include attorney's fees, loss of time and remuneration for the strain of a criminal trial.
The enforcement of the criminal laws is for the benefit of all and the fact that some citizens are financially burdened by this enforcement is not a sufficient reason to further handicap the processes of criminal law enforcement at this critical time in the struggle of the State to control the criminal element in society.
*1103 The order denying appellant's motion to tax investigative costs is affirmed.
Affirmed.
NOTES
[1] See Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1968).
[2] Article I, Section 19, of the 1968 revision of the Florida Constitution provides:

"No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final."
This section was derived from Section 14, Declaration of Rights of the Florida Constitution of 1885.
Article XVI, Section 9, of the Florida Constitution of 1885 reads as follows:
"In all criminal cases prosecuted in the name of the State when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law; and all fines and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective Counties as a general County fund to be applied to such legal costs and expenses."
This is preserved by Article XII, Section 10, of the 1968 revision of the Florida Constitution.
[3] In civil cases, it has long been the law in Florida that in the absence of a statutory provision, the award of costs is within the broad discretion of the trial judge. See White v. Walker, 5 Fla. 478 (1854); Crane v. Stulz, 136 So.2d 238 (Fla.2d DCA 1961); and Insurance Company of North America v. Twitty, 319 So.2d 141 (Fla.4th DCA 1975).