DAUKSCH, Chief Judge.
This is an appeal from an order denying an acquitted defendant in a criminal case the reimbursement of taxable costs in the preparation of his defense. Section 939.06, Florida Statutes (1979), allows and requires the county to pay those reasonable and necessary costs expended by the criminally accused when he is acquitted or discharged from the criminal charges. Warren v. Capurano, 282 So.2d 873 (Fla.1973); Dinauer v. State, 317 So.2d 792 (Fla.1st DCA 1975); Powell v. State, 314 So.2d 788 (Fla.2d DCA 1975).
The trial court denied the cost refund [1] and reimbursement “under authority of Benitez v. State,” 350 So.2d 1100 (Fla.3d DCA 1977), cert. denied 359 So.2d 1211 (Fla.1978). The county, which we have allowed to appear here at its request as the real party in interest, concedes Benitez should not control.
We agree and reverse the order denying the costs and remand this matter to the trial court for entry of an order requiring payment of the subpoena costs (praecipe and service), witness fee and mileage costs, court reporter and deposition costs and the costs for the filing of this appeal and the preparation of the record on appeal. The appellant shall not be entitled reimbursement for his attorney’s car rental charge.
The county has requested this court to order that in the future the county be given notice of all hearings in all courts where any cost orders are under consideration. The county says since it must ultimately pay the costs, it should be given notice of *540 the hearing and be heard. That question is interesting but not properly before us.
REVERSED AND REMANDED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.

. Some of the costs were paid to the county sheriff and court clerk.