DANIEL, Judge.
Petitioner, Osceola County, seeks certio-rari review of an order requiring the county to pay $5810.17 to a private investigator for services rendered to a defendant.
Respondent, Daniel Otte, was acquitted of first-degree murder. At all times during the prosecution, Otte retained private counsel and made no claim of indigency. After acquittal, Otte moved the trial court to certify as taxable costs payable by the county the fee and expenses of the private investigator. See § 939.06, Fla.Stat. (1987). The trial court refused to certify the investigator’s bill as a taxable cost. Otte’s counsel subsequently filed a motion to have the court recognize Otte’s indigen-cy during the preceding criminal prosecution, and a motion to direct the county to pay the investigative costs incurred by Otte during the prosecution. The trial court entered orders granting both motions.
Section 939.06 provides that a defendant who is acquitted of a criminal charge shall not be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. The statute further provides that if the defendant has paid any taxable costs, the county must refund such costs which are properly certified and approved. The courts have limited the items which qualify as taxable costs under this statute. See, e.g., Hillsborough County v. Martinez, 483 So.2d 540 (Fla. 2d DCA 1986); Hayes v. State, 387 So.2d 539 (Fla. 5th DCA 1980); Goldberg v. Dade County, 378 So.2d 1242 (Fla. 3d DCA 1979); Doran v. State, 296 So.2d 86 (Fla. 2d DCA 1974). Investigative fees and expenses are not taxable costs. See Benitez v. State, 350 So.2d 1100 (Fla. 3d DCA 1977). The trial court’s post-acquittal determination of indi-gency and order directing payment improperly circumvented the established statutory procedure under sections 939.06 and 939.08, Florida Statutes, for the certification and approval of taxable costs payable by the county. Likewise, the post-acquittal determination of indigency as applied retrospectively to costs incurred during the preceding prosecution improperly circumvented *479 the established statutory procedure whereby an accused indigent may obtain legal and investigative services through the public defender system.
Although section 27.52, Florida Statutes (1987), states that a determination of indi-gency for an accused person may be made at any stage of the proceedings, that statute does not authorize the procedure used by the trial court. A determination of indi-gency must serve some legitimate purpose, such as providing legal representation for the poor. The determination of indigency in this case served no legitimate purpose, but was made solely to shift to the county the obligation to pay costs which the county otherwise would not have to pay under section 939.06. A post-acquittal finding of indigency serves no legitimate purpose because it has no legal significance; no prospective application is contemplated because the prosecution has been concluded and the defendant has been discharged, and no retrospective application can be permitted since the defendant is no longer an accused person within the meaning of section 27.52. The post-acquittal determination of indigency and order directing payment constitute a departure from the essential requirements of law. We therefore grant the petition and quash the order directing payment of the investigative fee and expenses.
WRIT ISSUED.
SHARP, C.J. and COBB, J., concur.