LEHAN, Judge.
This is an appeal from an order of the trial court which, properly relying upon Benitez v. State, 350 So.2d 1100 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1211 (Fla.1978) and Osceola County v. Otte, 530 So.2d 478 (Fla. 5th DCA 1988), denied appellant, who is a nonindigent, acquitted criminal defendant, the right of reimbursement from Pinellas County for investigative costs appellant incurred in his defense. The amount of those costs paid by defendant had been previously certified by the court, apparently in accordance with the procedure outlined in Sawyer v. State, 570 So.2d 410 (Fla. 2d DCA 1990) and Clark v. State, 570 So.2d 408 (Fla. 2d DCA 1990). Reimbursement to defendant had then been refused by the county. We reverse.
Section 939.06, Florida Statutes (1989), provides for the reimbursement to an acquitted criminal defendant of what the statute calls “taxable costs” but does not define the term. The interpretation of that term has been left to the courts. See Doran v. State, 296 So.2d 86 (Fla. 2d DCA 1974).
Especially since section 939.01, as amended in 1987, provides for the taxation against convicted criminal defendants of investigative costs incurred by law enforcement agencies, we hold that investigative costs are also taxable costs within the meaning of section 939.06. Thus, the interpretation of the term “taxable costs” which we apply has the same rational basis as that applied by this court in Powell v. State, 314 So.2d 788, 789 (Fla. 2d DCA 1975) (“Since under § 914.06 the county could tax the reasonable compensation of its expert witnesses as costs against a convicted defendant, we think that an acquitted, non-indigent defendant may do likewise against the county.”).
That the legislature has not changed section 939.06 since the 1974 opinion of this court in Doran may be taken to indicate legislative intent in approval of the Doran ruling, as well as that in Powell, to the effect that finding a rational basis for an interpretation of the term “taxable costs” in that section has been left to the courts. See 49 Fla.Jur. Statutes § 166 (1984) (citing White v. Johnson, 59 So.2d 532 (Fla.1952)).
Our interpretation of that term in section 939.06 in light of section 939.01 is consistent with Powell, based upon the concept of mutuality. That the legislature has favored mutuality in the context of civil litigation expenses is illustrated by the 1988 addition of subsection (2) to section 57.105 concerning the award of attorneys fees to a party to a litigated contract which only provides for such an award to the other party. That subsection changed the law as reflected in prior jurisprudence so that in cases in which the party who is required to take action to enforce the contract prevails, the court may award attorney’s fees in favor of that party even when the contract *477 only provides for the award of attorney’s fees to the other party.
The mutuality concept relative to an effective defense in criminal litigation is implicitly involved in White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376 (Fla.1989). White determined, albeit on constitutional, separation of powers grounds, that in a capital case an indigent citizen prosecuted by the state through the state’s counsel should not be deprived of effective counsel for his defense through an unrealistically low cap on fees which may be paid to his counsel, notwithstanding “the potential burden placed on county treasuries.” Id. at 1379.
In contrast to the holding of Doran that bail bond premiums incurred by acquitted criminal defendants are not taxable against the prosecution, investigative costs represent a type of costs mutually borne by the prosecution and defense.
We recognize of course that our holding adds to governmental fiscal obligations. But if that was not intended by the legislature, the legislature could have provided otherwise, especially after the 1975 Powell opinion on which we rely in principle. Of course, the legislature might provide otherwise in the future if it should decide that our holding does not accurately reflect current legislative intent.
Since we resolve this case under statutory interpretation, we need not address the additional constitutional equal protection arguments of defendant and amicus curiae.
We certify that our holding is in conflict with Benitez and Osceola County. However, Benitez was decided before the 1987 amendment to section 939.01, and Osceola County followed Benitez in 1988 without expressed consideration of that amendment.
Upon remand the trial court shall enter judgment against the county for the investigative costs incurred by defendant which are determined to have been reasonable and necessary.
Reversed and remanded for proceedings consistent herewith.
PATTERSON, J., concurs.
SCHOONOVER, C.J., dissents with opinion.