620 So.2d 757 (1993)
BOARD OF COUNTY COMMISSIONERS, PINELLAS COUNTY, Petitioner,
v.
Tom F. SAWYER, Respondent.
No. 79839.
Supreme Court of Florida.
June 3, 1993.
Robert A. Ginsburg, Dade County Atty. and Augusto E. Maxwell, Asst. County Atty., Miami, amicus curiae for Metropolitan Dade County.
Emeline C. Acton, County Atty. and Angela B. Wright, Asst. County Atty., Tampa, amicus curiae for Hillsborough County.
James T. Miller, Co-Chairman, Jacksonville, Robert A. Harper, Jr., Co-Chairman, Tallahassee, and Donnie Murrell, Jr., President, West Palm Beach, amicus curiae for Florida Ass'n of Criminal Defense Lawyers.
Suzanne T. Daly, Asst. County Atty., Clearwater, for petitioner.
Sondra Goldenfarb, Clearwater, for respondent.
Herbert W.A. Thiele, County Atty., Julie E. Lovelace, Sr. Asst. County Atty. and Cassandra K. Jackson, Asst. County Atty., Tallahassee, amicus curiae for Board of County Com'rs of Leon County.
John J. Copelan, Jr., County Atty. and Maite Azcoitia, Asst. County Atty., Fort Lauderdale, amicus curiae for Broward County.
Cory J. Ciklin, Asst. County Atty., West Palm Beach, amicus curiae for Palm Beach County, FL.
SHAW, Justice.
We review Sawyer v. Board of County Commissioners, 596 So.2d 475 (Fla. 2d DCA 1992), based on certified conflict with Benitez v. State, 350 So.2d 1100 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1211 (Fla. 1978) and Osceola County v. Otte, 530 So.2d 478 (Fla. 5th DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash Sawyer.
Sawyer was indicted on December 11, 1986, for first-degree murder and sexual battery. The State entered a nolle prosequi on the sexual battery charge in 1987 and the murder charge in 1990. Subsequent to discharge, the circuit court certified that Sawyer, a nonindigent, had incurred and paid $10,364.47 in investigative costs, which "were reasonable and necessary to the proper defense of this cause." *758 The Board of County Commissioners refused to make payment for investigative costs, Sawyer filed suit, and the circuit court ruled that Sawyer is not entitled to recover. The district court reversed, reasoning that since section 939.06, Florida Statutes (1989), does not define "taxable costs," the term is subject to judicial construction. Further, the district court determined that under the doctrine of mutuality Sawyer should be allowed to recover his investigative costs in light of the nol pros because the State would have been authorized to recover its investigative costs if Sawyer had been convicted. The court certified conflict with Benitez and Osceola County, both of which disallowed repayment of investigative costs to an acquitted defendant.
Common law provided no mechanism whereby one party could be charged with the costs of the other. Cost provisions are a creature of statute and must be carefully construed. This Court has held for over a century that cost provisions against the State must be expressly authorized:
It may be premised that at common law neither party could be charged with the costs of the other, and it was only by statute that such a charge came to be allowed, but even after that in England and in this country the sovereign or the State was not chargeable with costs, either in civil or criminal cases, unless there was express provision of law to authorize it.
Buckman v. Alexander, 24 Fla. 46, 49, 3 So. 817, 818 (1888).
Contrary to the district court's finding of ambiguity, we find that section 939.06, Florida Statutes (1989), is unequivocal:
No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county.
§ 939.06, Fla. Stat. (1989). Given its plain meaning, the relevant portion of this statute simply says: No acquitted criminal defendant shall be liable for any court costs or court fees, any costs or fees of a ministerial government office, or any charges for subsistence, and that if such a defendant has paid any of these taxable costs he or she shall be reimbursed by the county. On its face, the statute does not authorize an acquitted defendant to be reimbursed for any additional disbursements. We hold that investigative costs are not taxable costs under the plain language of the statute.
Sawyer's mutuality claim is misplaced. Sections 939.01 and 939.06, Florida Statutes (1989), do not provide for mutuality of repayment. Section 939.01 says that a convicted defendant must repay investigation costs to the appropriate law enforcement agency, which may be a city, county, or state agency.[1] Section 939.06, on the other hand, says that the county alone shall reimburse an acquitted defendant for the costs set out in that statute. Thus, while the city, county, and state governments may be reimbursed where there is a conviction, only the county would be obligated to pay in the event of an acquittal. Further, we observe that the Legislature has expressly authorized repayment under various circumstances and could easily have done so here if such were the legislative intent.[2]
*759 We find Sawyer's equal protection claim unconvincing. Equal protection principles generally provide that similarly situated persons shall be treated equally under the law, not that the government and an individual shall be treated the same for purposes of reimbursement of statutory costs.
Based on the foregoing, we quash Sawyer and approve Benitez and Osceola County.[3]
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Section 939.01, Florida Statutes (1989), provides in part:

(1) In all criminal cases the costs of prosecution, including investigative costs incurred by law enforcement agencies, and by fire departments for arson investigations, if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person.
[2] See, e.g., § 27.56(1)(a), Fla. Stat. (1989) (court may assess attorney's fees and costs against convicted defendant represented by public defender or court appointed attorney); § 45.061(3)(a), Fla. Stat. (1989) (court may impose sanction for costs, including investigative expenses, and attorney's fees against a party for unreasonably rejecting an offer of settlement); § 57.105, Fla. Stat. (1989) (prevailing party may recover attorney's fees in certain civil actions); § 253.03(13), Fla. Stat. (1989) (investigative agency may be reimbursed for expenses that lead to property forfeiture); § 373.129(6), Fla. Stat. (1989) (State may recover investigative costs, court costs, and attorney's fees incurred to protect State's water resources); § 489.132(3), Fla. Stat. (1989) (violation of licensing provisions may result in fine and assessment for investigative and legal costs); § 631.54(5), Fla. Stat. (1989) (State's expenses in processing insurance claims include investigative expenses); § 895.05(7), Fla. Stat. (1989) (State may recover damages, attorney's fees, and costs of investigation and litigation for violation of the drug abuse provisions; defendant may recover attorney's fees and court costs if the claim is without support); § 895.07(8), Fla. Stat. (1989) (State may recover investigative costs and attorney's fees for RICO lien notice proceedings).
[3] To the extent language in Lillibridge v. City of Miami, 276 So.2d 40, 41 (Fla. 1973) ("[Section 939.06] expresses a general policy of the Legislature that persons acquitted or discharged shall not be liable for costs... ."), and Warren v. Capuano, 282 So.2d 873, 874 (Fla. 1973) ("The courts have historically ... held that the defendants in criminal cases who are acquitted or discharged be allowed cost... ."), may be read as inconsistent with the present opinion, we recede from Lillibridge and Warren.