703 So.2d 1033 (1997)
James J. WOLF, Petitioner,
v.
COUNTY OF VOLUSIA, Respondent.
No. 88146.
Supreme Court of Florida.
April 17, 1997.
Rehearing Denied January 8, 1998.
Kirk N. Kirkconnell and David A. Henson of Kirkconnell, Lindsey, Snure & Henson, P.A., Winter Park, for Petitioner.
Kelly A. Greene, Assistant County Attorney, DeLand, for Respondent.
Terrence E. Kehoe of the Law Offices of Terrence E. Kehoe, Orlando; and James M. Russ and Tad A. Yates of the Law Offices of James M. Russ, P.A., Orlando, for the National Association of Criminal Defense Lawyers and the Florida Association of Criminal Defense Lawyers, Amici Curiae.
Robert S. Glazier, Miami, for Bobby Fijnje, Amicus Curiae.
David G. Tucker, County Attorney and Nancy Stuparich, Assistant County Attorney, Pensacola, for Escambia County, Florida, Amicus Curiae.
Lonnie N. Groot, Deputy County Attorney and Susan E. Dietrich, Assistant County Attorney, Sanford, for Seminole County, Florida, Amicus Curiae.
Jorge L. Fernandez, County Attorney and Suzanne T. Smith, Senior Assistant County Attorney, Clearwater, for the Florida Association of County Attorneys, Inc. and Pinellas County, Florida, Amici Curiae.
SHAW, Justice.
We have for review County of Volusia v. Wolf, 672 So.2d 563 (Fla. 5th DCA 1996), based on conflict with Dinauer v. State, 317 So.2d 792 (Fla. 1st DCA 1975), and Powell v. State, 314 So.2d 788 (Fla. 2d DCA 1975). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve Wolf.
Wolf was arrested, charged with committing sexual battery on a child under twelve years old, and acquitted following a six-day trial. He subsequently filed a complaint seeking $16,280.43 in costs from Volusia County to cover the following expenses: "expert witness and service fees, court reporter and transcription expenses, video-taped deposition expenses, process service expenses by private process servers, copy and duplicate expenses, Clerk of Court expenses, process service by the Sheriff expenses, and witness fees pursuant to § 914.09." The court awarded Wolf the full amount, but the district court reversed, limiting the award to $924.50 for "witness fees, sheriff expenses, and clerk of the court expenses." Wolf, 672 So.2d at 564.
Wolf contends that courts have defined the phrase "taxable costs" under section 939.06, Florida Statutes (1995), to include expenses such as his. He claims that he is entitled to full reimbursement. We disagree.
*1034 This case is controlled by Board of County Commissioners v. Sawyer, 620 So.2d 757 (Fla.1993), wherein we pointed out that the meaning of "taxable costs" under section 939.06 is circumscribed.
Common law provided no mechanism whereby one party could be charged with the costs of the other. Cost provisions are a creature of statute and must be carefully construed. This Court has held for over a century that cost provisions against the State must be expressly authorized:
It may be premised that at common law neither party could be charged with the costs of the other, and it was only by statute that such a charge came to be allowed, but even after that in England and in this country the sovereign or the State was not chargeable with costs, either in civil or criminal cases, unless there was express provision of law to authorize it.
Buckman v. Alexander, 24 Fla. 46, 49, 3 So. 817, 818 (1888).
Contrary to the district court's finding of ambiguity, we find that section 939.06, Florida Statutes (1989), is unequivocal:
No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county.
§ 939.06, Fla.Stat. (1989). Given its plain meaning, the relevant portion of this statute simply says: No acquitted criminal defendant shall be liable for any court costs or court fees, any costs or fees of a ministerial government office, or any charges for subsistence, and that if such a defendant has paid any of these taxable costs he or she shall be reimbursed by the county. On its face, the statute does not authorize an acquitted defendant to be reimbursed for any additional disbursements.
Id. at 758.
Based on the foregoing, we conclude that the district court properly limited Wolf's reimbursement to "witness fees, sheriff expenses, and clerk of the court expenses." Wolf, 672 So.2d at 564. The remainder of Wolf's expenses are not embraced within the plain meaning of section 939.06, and the trial court was without authority to impute accountability to the county.
We approve the decision in Wolf as explained herein and disapprove Dinauer and Powell to the extent that they are inconsistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion, in which GRIMES and HARDING, JJ., concur.
WELLS, Justice, concurring in part and dissenting in part.
The majority holds that the district court's decision is in accord with our decision in Board of County Commissioners v. Sawyer, 620 So.2d 757 (Fla.1993), in which we held that a defendant who has been indicted for murder and sexual battery and later discharged by virtue of a nolle prosequi could not recover his investigative costs from Pinellas County. In referring to section 939.06, we stated:
Given the plain meaning, the relevant portion of this statute simply says: No acquitted criminal defendant shall be liable for any court costs or court fees of a ministerial government office, or any charges for subsistence, and that if such a defendant has paid any of these taxable costs he or she shall be reimbursed by the county. On its face, the statute does not authorize an acquitted defendant to be reimbursed for any additional disbursements.
Sawyer, 620 So.2d at 758. The majority now disapproves decisions of the First and Second Districts in Dinauer v. State, 317 So.2d 792 (Fla. 1st DCA 1975), and Powell v. State, *1035 314 So.2d 788 (Fla. 2d DCA 1975). However, our opinion in Sawyer did not refer to Powell, in which the court had construed section 939.06 in conjunction with other statutes to authorize an acquitted nonindigent defendant to recover the reasonable compensation paid to his expert witnesses and the expense of depositions which served a useful purpose in his defense. Nor did our opinion mention Dinauer, which had approved the taxing of the court reporter's fee for depositions by a defendant discharged through a nolle prosequi.
Wolf and his supporting amicus curiae argue that our construction of section 939.06 in Sawyer had the effect of repudiating longstanding practices in the taxation of costs in criminal cases. They point out that while convicted defendants pay many kinds of costs, see section 939.01, Florida Statutes (1995), in chapter 97-271, Laws of Florida, we have now limited acquitted defendants to the recovery of only "costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody."
Upon consideration, I conclude that this Court may have construed section 939.06 too broadly by holding that the taxable costs referred to in the second sentence of that statute were limited to those costs, fees, or charges described in the first sentence. While I do not conclude that there must be mutuality in the taxation of costs between the state and the defendant, I do believe that the analyses set forth in Powell and Dinauer provide a more reasonable interpretation of section 939.06. To exclude expert witness fees and deposition costs from being taxable isolates acquitted criminal defendants as the sole litigation parties to have taxable costs so defined. See Florida Bar v. Bosse, 609 So.2d 1320 (Fla.1992); Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022 (Fla.1991); Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985).
I would approve Powell and Dinauer. I would reaffirm the decision in Sawyer with respect to investigative costs but recede therefrom to the extent that reasonable expert witness fees and court reporting costs for depositions useful to the defense may be taxed against the county by an acquitted or discharged defendant.
I concur in the disallowance of costs for travel, copies of documents obtained from the state attorney, and service of subpoenas by private process servers.
GRIMES and HARDING, JJ., concur.