DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAYODI WHITLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2610

[April 10, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 50-2014-CF001325A.

Andrew B. Greenlee of Andrew B. Greenlee, P.A., Sanford, and Gregory C. Rosenfeld of Law Offices of Greg Rosenfeld, P.A., West Palm Beach, for appellant.

Ana Cristina Martinez, General Counsel, and Christian D. Lake, Assistant General Counsel, The Justice Administrative Commission, Tallahassee, for appellee.

GROSS, J.

After Kayodi Whitley spent nearly four years on pre-trial house arrest, a jury acquitted him of second degree murder. The trial court entered a judgment of not guilty.

Pursuant to section 939.06, Florida Statutes (2018), Whitley moved for reimbursement of certain costs he paid to the Palm Beach County Sheriff's Office ("PBSO"). The trial court awarded some costs but declined to award $13,428 for fees Whitley paid to PBSO while on pre-trial house arrest. Whitley's entitlement to recover these pre-trial house arrest fees is the subject of this appeal.[1]

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A), because the order on appeal is a final order involving costs.

We affirm the ruling of the circuit court because pre-trial house arrest fees are not a "charge of subsistence while [a defendant is] detained in custody" within the meaning of section 939.06.

The supreme court has observed that the concept of "'taxable costs' under section 939.06 is circumscribed." *Wolf v. Cty. of Volusia*, 703 So. 2d 1033, 1034 (Fla. 1997). The court has explained that

> [c]ommon law provided no mechanism whereby one party could be charged with the costs of the other. Cost provisions are a creature of statute and must be carefully construed. This Court has held for over a century that cost provisions against the state must be expressly authorized.

*Bd. of Cty. Comm'rs, Pinellas Cty. v. Sawyer*, 620 So. 2d 757, 758 (Fla. 1993). Thus, if a proposed cost is not expressly authorized by the statute it must be denied. And a "statute enacted in derogation of the common law must be strictly construed . . . . 'The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard.'" *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077-78 (Fla. 2001) (quoting *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 918 (Fla. 1990)); *see also Slawson v. Fast Food Enters.*, 671 So. 2d 255, 257 (Fla. 4th DCA 1996).

Section 939.06(1) states:

> A defendant in a criminal prosecution who is acquitted or discharged is not liable for any costs or fees of the court or any ministerial office, or for *any charge of subsistence while detained in custody.* If the defendant has paid any taxable costs, or fees required under s. 27.52(1)(b), in the case, the clerk or judge shall give him or her a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to the defendant.

(Emphasis added). Pre-trial house arrest fees are not a cost or fee of "the court or any ministerial office," nor are they a fee "required under s. 27.52(1)(b)." *Id.* To be recoverable under the statute, pre-trial house arrest fees must qualify as a "charge of subsistence while [a defendant is] detained in custody." *Id.*

We focus on what the statute means by the phrase "detained in custody." The supreme court has rejected the notion that the statutory language is ambiguous and declared it to be "unequivocal." *Bd. of Cty. Comm'rs,* 620 So. 2d at 758. Under the application of strict construction,

the meaning of "detained in custody" cannot be separated from the notion of significant physical confinement.  In the context of the criminal law, "custody" denotes "[t]he detention of a person by virtue of lawful process or authority," *Custody*, <u>Black's Law Dictionary</u>, (8th ed. 2004), or "imprisonment; legal restraint." *Custody*, <u>The Random House Dictionary of the English Language</u>, (1967) (unabridged).

Unlike actual physical custody, pre-trial house arrest is a form of "constructive custody," which involves "[c]ustody of a person (such as a parolee or probationer) whose freedom is controlled by legal authority but who is not under direct physical control." *Constructive Custody*, <u>Black's Law Dictionary</u>.  In such a situation the term "custody" is used metaphorically to describe a situation that falls short of actual physical confinement.

A defendant participating in a house arrest program while awaiting trial is not "detained in custody" within the meaning of section 939.06.  A defendant awaiting trial who sleeps in his own bed, who rests his head on his own pillow, and who can surf the internet with his personal cell phone is not operating under the type of custodial detention contemplated by the statute.

We distinguish *Wolf* as a case involving "process service by the Sheriff expenses," a ministerial charge for a litigation expense that is different from the house arrest fees here at issue.  703 So. 2d at 1034.

*Affirmed.*

CONNER and FORST, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**