George N. TURNER, Sr., Petitioner,

v.

John A. BRESLIN, Jr., Judge of the Fleming Circuit Court, et al., Respondents.

Court of Appeals of Kentucky.

Oct. 2, 1959.

D. Bernard Coughlin, Maysville, for petitioner.

John A. Breslin, Jr., John H. Clarke, Jr., Maysville, for respondent.

BIRD, Judge.

The petitioner was charged with a felony in the Fleming Circuit Court. He executed a bail bond with personal surety. This bond was forfeited by order and the petitioner was duly lodged in jail.

The petitioner was later admitted to bail. He executed another bond and as security he deposited five thousand dollars in cash with the court clerk.

In compliance with the terms of the second bond, the petitioner appeared for trial on the charge and was convicted of a misdemeanor, a lesser degree of the offense charged. He satisfied the judgment of the court in every particular and then demanded the return of his cash security.

The respondents, Circuit Judge and Circuit Court Clerk, are causing said money to be withheld from him.

Litigation is now pending in this Court concerning the order of forfeiture on the first bond. Apparently the cash deposited to secure the second bond is being held to secure payment of the forfeited first bond, if and when the order of forfeiture is upheld. It appears that there has been

no attachment under Section 95 of the Criminal Code of Practice or any other provision of law.

This is an original action in this Court to prohibit respondents from withholding the money.

The two bonds are separate and distinct undertakings. The surety on one bond will not be held for a default on the other. The terms of the second bond having been fully performed it has no efficacy in any particular and the surety is released of further liability. Huffman v. Commonwealth, 236 Ky. 48, 32 S.W.2d 562. We are of the opinion that petitioner's money is being wrongfully withheld and the respondents are directed to cause the same to be delivered forthwith to the petitioner.