J. Howard Rossbach, J.
Defendant was given a summons in July for operating an automobile parking lot without a license. Apparently undeterred, he received additional summonses for the same offense in August and September. He also acquired a summons for being an unlicensed secondhand dealer in automobiles. Finally brought to court on a warrant, defendant posted modest cash bail in three cases and pleaded “ guilty ” *308 on all charges. He was given a fine in each case and in each case was given two weeks’ delay to make payment. He departed the courtroom and has been seen no more.
Warrants have been issued for his arrest, but the question remains: What to do about the bail? It has been recently held that if a bail bond has been posted, an extension of time to pay a fine after sentence discharges the bond. (People v. Public Serv. Mut. Ins. Co., 40 Misc 2d 341.) A contrary result was reached in People v. Public Serv. Mut. Ins. Co. (39 Misc 2d 488).
It is unnecessary to choose between the above cases. Although there is no New York case squarely in point, it is evident that cash bail stands on a somewhat different footing from that of a surety bond. In People v. Public Serv. Mut. Ins. Co. (supra, p. 344) the court stated: “ the liability of a surety terminates * * * when its principal appears for judgment and sentence is pronounced. If at that point, the sentencing court, in its discretion, affords a defendant an opportunity to make payment of the fine levied upon him at some date in the future, that is no longer the concern of the surety unless it consents thereto. There is no authority under our law for a court to unilaterally extend the surety’s obligation on the bond.” (Emphasis supplied.)
Unlike a bail bond which has a bondsman or bonding company as surety, where a defendant posts cash bail, he acts as his own surety. Accordingly, we hold that Mr. Brannon as defendant and as surety consented to the adjournment. In case docketed No. 3191, the bail is forfeited (Code Crim. Pro., § 593). In that case the fine imposed exceeded by a considerable sum, the amount of bail posted. It is noted that in cases docketed No. 3190 and No. 3518, the bail posted equals the amount of the fine imposed. In these cases, justice will be better served by applying the bail toward the payment of the fine, and it is so ordered. (Code Crim. Pro., § 589.)