CROSS, Chief Judge.
Appellant-defendant, James E. Gustaf-son, appeals an order denying refund of a cash appearance bond. We reverse.
Defendant was charged with possession of marijuana. He deposited $750 cash bail with the Brevard County Sheriff on January 13, 1969, executing a form entitled CASH APPEARANCE BOND (Sheriff’s Form 57-10 Rev.). At the bottom of this form appears the following provision, which was signed by defendant:
“I, the depositor, hereby authorize the deduction of court fines and costs, if any, from the Cash Bond.
/s/ Tames E. Gustafson
Depositor’s Signature”
Trial was held by the court without a jury, and on October 28, 1969, defendant was found guilty by the court and placed on probation.[1]
On April 23, 1970, appellant filed a motion for the refund of cash bail, which was denied by the court’s order dated May 18, 1970. This appeal followed.
The thrust of this appeal is whether defendant’s bail money may validly be withheld to satisfy fines and costs imposed by the court, where defendant has duly appeared at the time and place specified and sub *690 mitted himself to the jurisdiction of the court.
While no Florida cases have been found on point, such deductions were not allowed at common law, and application of a cash appearance bond to the payment of fines or costs imposed by the court may be had only where specifically authorized by statute. E. g., United States v. Davis, 2d Cir. 1943, 135 F.2d 1013; Heine v. Unted States, 6th Cir. 1943, 135 F.2d 914; Turner v. Breslin, Ky.App.1959, 327 S.W.2d 953; Rodman v. Superior Court of Nevada County, 1939, 13 Cal.2d 262, 268, 89 P.2d 109; Crowell v. Circuit Court of Brookings County, 1926, 50 S.D. 276, 209 N.W. 539; State v. Williams, 1923, 127 Wash. 658, 221 P. 289; Isbell v. Bay Circuit Judge, 1921, 215 Mich. 364, 183 N.W. 721; Campbell v. Board of Commissioners of Reno County, 1916, 97 Kan. 68, 154 P. 257; see Berume v. Hughes, Tex.Civ.App.1925, 275 S.W. 268.
Decisions in other jurisdictions sustaining application of bail money to satisfy fines and costs particularly note the express statutory provisions for their authority to so hold. E. g., Kasper v. State, 1960, 206 Tenn. 445, 333 S.W.2d 934; Mundell v. Wells, 1919, 181 Cal. 398, 184 P. 666; State v. Owens, 1900, 112 Iowa 403, 84 N.W. 529; People v. Brannon, N.Y.City Crim.Ct.1963, 41 Misc.2d 307, 245 N.Y.S.2d 101.
The purpose of bail is to secure the attendance of the accused to answer the charge against him. Younghans v. State, Fla.1956, 90 So.2d 308. If a person is admitted to bail for his appearance on a charge that the court is empowered to try, the condition of the undertaking is that he will appear to answer the charge, and will submit himself to the orders and processes of the court trying the same, and will not depart without leave. Rule 1.130, F.R.Cr. P., 33 F.S.A. Upon complying with these conditions of the bond, a defendant is entitled to a return of the money deposited. Young v. Stoutamire, 1938, 131 Fla. 535, 179 So. 797.
There is no statutory authorization in Florida for deducting costs from cash bail deposited by a defendant.[2] The provision on the Cash Appearance Bond form (Sheriff’s Form 57-10 Rev.) which provides for such a deduction is void, as is defendant’s authorization pursuant thereto. It appears that the conditions of the bond as discussed above have been fulfilled, so the bond should have been refunded to defendant on request.
Accordingly, the order is reversed and the cause remanded with directions for entry of an order consistent with the views herein expressed.
Reversed and remanded, with directions.
OWEN and MAGER, TJ., concur.

. The order of probation was reversed by bis Court, Gustafson v. State, Fla.App.1971, 243 So.2d 615, with directions to 251 So.2d — 44 discharge the defendant from further prosecution under the information.

. See Florida Statutes §,§ 57.091, 924.17, 939.04-939.06, 939.15, F.S.A.