248 So.2d 176 (1971)
Albert WOOD, Petitioner,
v.
CITY OF JACKSONVILLE, a Municipal Corporation, Respondent.
No. O-308.
District Court of Appeal of Florida, First District.
May 20, 1971.
Joseph M. Glickstein, Jr., Jacksonville, for petitioner.
James C. Rinaman, Jr., David U. Tumin, and J. Edward Wall, Jacksonville, for respondent.
WIGGINTON, Acting Chief Judge.
Petitioner seeks review by common law certiorari of an order taxing costs rendered by the Circuit Court of Duval County acting in its appellate capacity. The contention is made that the challenged order constitutes a departure from the essential requirements *177 of law for which no remedy by appeal is afforded under the constitution and laws of this state.
Petitioner was arrested and charged with an offense against the ordinances of the City of Jacksonville. Based upon his plea of not guilty, he was tried, convicted and sentenced by the municipal court. He appealed his judgment of conviction to the Circuit Court of Duval County which, upon consideration of the points urged, found that the conviction of petitioner was void because it resulted in the face of insufficient evidence of an essential element of the offense charged. The judgment of conviction and sentence was reversed with instructions that the complaint against petitioner be dismissed and he be discharged.
Petitioner then filed before the Circuit Court his motion for an order taxing costs in his favor for the following items and in the following amounts, to wit:

 "1. Bail bond premium $ 15.00
 2. Appellate filing fees 10.50
 3. Bond on appeal 15.00
 4. Transcript of testimony;
 court reporter 99.90
 ________
 Total $140.40"

Upon consideration of such motion the Circuit Court rendered its order taxing costs in favor of petitioner for the appellate filing fee paid by him in the amount of $10.50, but denied the motion as to the remaining items.
Respondent challenges the jurisdiction of this court to review by common law certiorari the cost judgment about which complaint is made. It is its contention that this type of writ may issue only in those instances in which the jurisdiction of the lower court has been challenged, or where that court has departed from the essential requirements of law in ruling upon a procedural as distinguished from a substantive question of law. With this contention we are unable to agree. It has long been the established law of Florida that a writ of common law certiorari issues in the sound discretion of a superior court directed to an inferior court to determine from the face of the record whether the lower court has exceeded its jurisdiction or otherwise deviated from the essential requirements of law. This procedure is available to District Courts of Appeal in their review of judgments rendered by the circuit courts acting in their appellate capacity when reviewing judgments of the municipal courts of this state.[1] The questions reviewable by certiorari may include those involving matters of substantive as well as procedural law. Having determined that we possess the requisite jurisdiction to issue the writ prayed for, we will proceed to a consideration of the merits.
Costs as such in criminal cases were unknown to the common law. As a consequence, recovery and allowance of such costs rest entirely on statutory provisions and no right to or liability for costs exists in the absence of statutory authorization.[2] The foregoing principle has been adopted as the prevailing rule in this state.[3]
The general policy of Florida prohibits the imposition upon a defendant acquitted of a criminal charge of any costs or fees incurred in connection with his prosecution.[4]
We will first consider the item of cost claimed by petitioner but disallowed by the Circuit Court for the amount paid by him to the court reporter for transcribing the testimony adduced at the trial. The rules adopted by the Supreme Court relating to appeals in criminal cases provide that appeals to circuit courts from municipal *178 courts shall be prosecuted in accordance with Part VI thereof.[5] The rules require that the cost of the stenographic report of the trial proceedings shall be paid by the defendant if he takes the appeal.[6] This rule further provides that if an appealing defendant is adjudged insolvent, the county shall pay the cost of the transcript thereby making it a taxable item of cost in the case.
Our statute relating to appeals in criminal cases from municipal courts to circuit courts provides that when any proceeding in the municipal court has been stenographically reported, the court reporter shall file his duly authenticated transcribed notes or copy thereof with the judge or clerk of the municipal court, which transcription shall thereupon become a part of the record in the cause.[7] The appellate rules provide that reasonable costs for preparing the record on appeal may be taxed as costs in the case.[8] This necessarily includes the cost of the reporter's transcribed notes of the trial which is specifically made a part of the record on appeal.
From the foregoing it is our view, and we so hold, that where an appeal is taken to the circuit court from a judgment of conviction and sentence imposed by a municipal court, the reporter's charges for transcribing the trial proceedings become a taxable item of cost in the case provided such transcript is necessary to a proper determination of the point or points on appeal. If the charges of the reporter for transcribing the proceedings are paid by the defendant, such amount shall be taxed as costs in the case in favor of the defendant in the event he prevails.
The pertinent statute of our state governing appeals of criminal convictions from municipal courts to circuit courts requires as a condition precedent for taking the appeal that appellant enter into a supersedeas bond in double the amount of the fine and cost assessed, or, if judgment is for imprisonment, the bond shall be in an amount sufficient to cover all costs taxed in the trial court on appeal plus not less than $10.00 nor more than $200.00 to be set at the discretion of the municipal judge. The statute also provides that the cost shall be taxed by the circuit court on final disposition of the appeal and shall be paid by the municipality if the decision is adverse to it.[9] Since the statute mandatorily requires an appellant to post an appeal bond as a condition of his appeal, the premium paid for such bond must be considered and held to be a taxable cost in the case. Since the statute requires that all costs on appeal be assessed by the circuit court against the municipality in the event the decision is adverse to it, the trial court in the case sub judice erred in disallowing the bond premium of $15.00 paid by petitioner at the time the appeal was taken.
Our writ of certiorari is granted and the judgment here reviewed is quashed insofar as it disallows as an item of cost the amount of $15.00 paid by petitioner as a premium on his appeal bond and the amount of $99.90 paid to the court reporter for the transcript of the testimony used on his appeal to the circuit court. The circuit court is directed to render a supplemental judgment allowing the foregoing items to petitioner as taxable costs in the case. In all other respects the judgment appealed is approved and the writ denied.
RAWLS, J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] Dresner v. City of Tallahassee (Fla. 1964) 164 So.2d 208.
[2] 20 C.J.S. Costs § 435, p. 677.
[3] City of Miami v. Gilbert (Fla.App. 1958) 102 So.2d 818; State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668.
[4] F.S. § 939.06, F.S.A.
[5] Rule 6.1, F.A.R., 32 F.S.A.
[6] Rule 6.8, F.A.R.
[7] F.S. § 932.52(7), F.S.A.
[8] Rule 3.16, F.A.R.
[9] F.S. § 924.41(5), (6), F.S.A.