276 So.2d 40 (1973)
Geri LILLIBRIDGE, Petitioner,
v.
CITY OF MIAMI, Florida, Respondent.
No. 42535.
Supreme Court of Florida.
April 11, 1973.
Michael B. Solomon of Theodore M. Trushin Law Offices, Miami Beach, for petitioner.
Alan H. Rothstein, City Atty., and S.R. Sterbenz, Asst. City Atty., for respondent.
CARLTON, Chief Justice:
This case is before us on petition for writ of certiorari because of conflicting interpretations of Fla. Stat. § 924.41, F.S.A., in this case (reported at 262 So.2d 719) and in Wood v. City of Jacksonville, 248 So.2d 176 (1st DCA Fla. 1971). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, F.S.A.
Petitioner was convicted of violating a Miami municipal ordinance, but the conviction *41 was reversed by the Circuit Court and the reversal affirmed by the District Court of Appeal. On petitioner's motion, the Circuit Court then entered an Order taxing costs against the city, including an $85.00 bond premium for the supersedeas bond petitioner had been required to post. The District Court of Appeal, Third District, granted certiorari review and quashed the order taxing the bond premium as a cost. The latter decision is directly contrary to that of the District Court of Appeal, First District, in Wood v. City of Jacksonville, supra.
Fla. Stat. § 924.41, F.S.A., governs appeals from convictions in municipal courts, and provides in part:
"(5) Appellant shall enter into a bond in double the amount of the fine and costs assessed, or, if judgment is for imprisonment, the bond shall be in an amount sufficient to cover all costs taxed in the trial court on appeal plus not less than $10 or more than $200, to be set at the discretion of the municipal judge. The bond shall be conditioned on the appellant's prosecuting the appeal with dispatch and abiding the judgment of the court. The bond shall have one or more sureties approved by the clerk of the circuit court. When the bond is filed with the clerk of the circuit court it shall operate as a supersedeas. The clerk of the circuit court shall receive a service charge as provided in § 28.24 for approving the appeal bond payable when the bond is filed with him by the appellant.
"(6) The costs shall be taxed by the circuit court on final disposition of the appeal and shall be paid by the municipality if the decision is adverse to it."
The sole question involved here, then, is whether "the costs" which "shall be taxed" under subsection (6) above include the premium for the bond required by subsection (5). We hold that this premium was intended by the Legislature to be included in the taxable costs.
We agree with the District Court of Appeal, First District, that Fla. Stat. § 939.06, F.S.A., expresses a general policy of the Legislature that persons acquitted or discharged shall not be liable for costs incurred in connection with a criminal prosecution. Wood v. City of Jacksonville, supra, at 177. Fla. Stat. § 924.41, F.S.A., must be interpreted in light of this general policy.
The decision of the District Court in this case is, therefore, quashed with directions to reinstate the order of the Circuit Court.
It is so ordered.
ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.