311 So.2d 711 (1975)
Robert Lee HOLTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1267.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Pollack, Tunkey, Robbins, Roth & Weiner, Miami, for appellant.
Richard E. Gerstein, State's Atty., and John Lipinski, Asst. State's Atty., for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The sole issue in this case is whether a pretrial bail bond premium is a taxable cost where criminal charges against the defendant have been dismissed. On April 16, 1974, the trial court dismissed the criminal charges against the defendant, Robert Lee Holton, because the speedy trial period had run. On July 5, 1974, Holton filed a motion to tax costs listing inter alia $1,000 as the premium on his $10,000 pretrial surety bond. The trial court denied such motion as to the bond premium whereupon Holton appealed.
There is authorization under both Art. I, Sec. 19, of the Florida Constitution, and § 939.06, Fla. Stat., for reimbursement of costs to a defendant who has been acquitted or discharged. It is left to the courts to determine costs to be taxed.
Holton argues by analogy that the case of Lillibridge v. City of Miami, Fla. 1973, 276 So.2d 40, holding that the premium on a supersedeas bond posted by the defendant pending appeal was taxable upon the reversal of his conviction, is applicable. However, we distinguish Lillibridge on its facts, since the ruling was based on the fact that on an appeal from a municipal court, the posting of a bond was a condition to the filing of the appeal. We agree with the holding in Doran v. State, Fla.App. 1974, 296 So.2d 86, 87, wherein it is stated that,
"There are many expenses which one may incur because he is charged with a crime. Yet, only those items reasonably within the scope of statutory authority are taxable. Absent more specific legislative mandate, we are reluctant to read *712 into the law a necessity for the imposition upon the public of the staggering expense which would follow if reimbursement were required for all bail bond premiums of persons ultimately acquitted or discharged of the crime for which they were charged."
See also Wood v. City of Jacksonville, Fla.App. 1971, 248 So.2d 176, wherein trial court's failure to assess the pre-trial bail bond premium as a taxable cost was upheld on appeal.
Therefore, the trial court correctly denied taxing the bail bond premium and the order is affirmed.