PER CURIAM.
Petitioner/defendant filed a motion to tax costs against Volusia County seeking to recover certain appellate costs. Defendant urges the trial court departed from the essential requirements of law by denying this motion.
Defendant was tried and convicted upon a three count information for certain alleged drug offenses. In Masters v. State, 344 So.2d 616 (Fla. 1st DCA 1977), cert. den., 352 So.2d 173 (Fla.1977), the judgment and sentence as to he third count of the information (misdemeanor possession of marijuana) was remanded with directions that it be vacated and set aside. The judgments and sentences as to the remaining counts were affirmed; however, the cause was remanded to the trial court to set aside one or the other of the concurrent sentences under the single transaction rule.
Recovery and allowance of costs in criminal cases is solely dependent on statutory provisions. See Wood v. City of Jacksonville, 248 So.2d 176 (Fla. 1st DCA 1971). Section 939.15, Florida Statutes (1975), provides:
“When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the supreme court of this state has been adjudged insolvent . . ., or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, . . ” (emphasis supplied).
*1144 We construe Section 939.15 as applicable solely to costs attributable to the charge as to which the defendant was discharged or for which the judgment was reversed. The defendant has failed to sustain his burden of proof that any portion of the costs claimed herein were so attributable. Accordingly, the petition for writ of certiorari is DENIED.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.