Mr. John A. Madigan, Jr. General Counsel Florida Sheriffs Association Post Office Box 669 Tallahassee, Florida 32302
Dear Mr. Madigan:
This is in response to your request on behalf of the Sheriff of Collier County for an opinion on substantially the following questions:
 (1) MAY THE SHERIFF INVEST THE BONDS AND FINES AGENCY FUND AND USE THE INTEREST EARNED ON SUCH INVESTMENTS AS A MEANS OF OFFSETTING THE COSTS OF OPERATING THE PUBLIC AGENCY?
 (2) IF THE SHERIFF POSSESSES SUFFICIENT AUTHORITY TO INVEST THESE FUNDS, WOULD THE SHERIFF BE ABLE TO COLLECT AND HOLD ALL OF THE INTEREST EARNED ON SUCH INVESTMENTS FOR THE COUNTY, REGARDLESS OF WHETHER THE PRINCIPAL WAS RETURNED TO THE DEFENDANT OR NOT?
According to the information supplied to this office, the Bonds and Fines Agency Fund of the sheriff's office consists of cash deposits taken as or in lieu of bail bonds from persons arrested and charged with criminal offenses in Collier County. At present, the deposits are placed in noninterest bearing bank accounts of the office after being duly registered and are held in the Bonds and Fines Agency Fund of the sheriff's department until such time as the cases against the defendants are disposed of by the courts.
The admission to bail of persons arrested for criminal offenses is governed by the provisions of Ch. 903, F.S. See also, Fla.R.Cr.P. 3.130. And see, s 903.16, F.S., providing for the deposit of money or bonds as bail; and Fla.R.Cr.P. 3.130(b)(4)(i)(5). The purpose of such bail is to secure the attendance of the accused at his trial to answer the charges against him. See, Fla.R.Cr.P. 3.130(b)(4)(i). Upon complying with the conditions of the bond, the defendant is entitled to the return of the money deposited; there is no statutory authorization for the deduction of costs or fines from cash bail deposited by a defendant. See, Gustafson v. State, 251 So.2d 689 (4 D.C.A. Fla., 1971), cert. denied,254 So.2d 789 (Fla. 1971). And see, s 903.31, F.S., which provides in part that an adjudications of the bond and that the defendant shall satisfy the conditions of the bond and that the original appearance bond `shall not be construed to guarantee deferred sentences, payment of fines, or attendance at educational or rehabilitation facilities the court otherwise provides in the judgment.' See generally, 8 C.J.S. Bail ss 30 and 53.
As a general rule, money deposited as bail under a statute providing therefor is, for purposes of the deposit, conclusively presumed to be the property of the accused although it may be forfeited if the person for whom bail has been granted fails to comply with the conditions of the bail bond; money deposited in lieu of bail with an officer is held in trust by such officer for the state until forfeited upon default. 8 C.J.S. Bail s 53. See, Young v. Stoutamire, 179 So. 797 (Fla. 1938) (money deposited in lieu of bail with an officer or judge is held in trust by such person for the state until forfeited upon default and accused is entitled to a return of deposit where there has been a decision in his favor as where he is discharged, where he surrenders himself, or where he has been illegally arrested or the deposit has been illegally accepted). In the instant inquiry, the cash deposits held in the Bonds and Fines Agency Fund, until and unless forfeited upon default, are held in trust by the sheriff for the state. The deposits, however, belong to the defendants/depositers who, absent a default and forfeiture by the court, are entitled to the return of the money deposited. The cash deposits held in the Bonds and Fines Agency Fund do not, therefore, appear to be `public funds' but rather are and remain the private money of the depositors until forfeited.
This office has previously stated that a sheriff is a county officer whose powers and duties are prescribed by statute and as such possesses only such authority and powers as have been expressly granted by statute or are necessarily implied therefrom. See, e.g., AGO's 081-89, 081-29, 079-17 and 078-151. See also, s 5(c), Art. II, State Const., which states in pertinent part that `[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law.' Cf., White v. Crandon, 156 So. 303 (Fla. 1934); Lang v. Walker, 35 So. 78 (Fla. 1903); and 67 C.J.S. Officers s 190. While an express power duly conferred may included the implied authority to use the means necessary to make the express power effective, such implied authority does not warrant the exercise of a substantive power not conferred. See, e.g., Molwin Investment Co. v. Turner, 167 So. 33 (Fla., 1936). Therefore, before a sheriff may invest monies held by him as sheriff, authority for such investments must be provided for by statute.
Chapter 219, F.S., generally sets forth the requirements for handling county money by county officers. See, e.g., ss219.01-219.05, F.S. Section 219.075, F.S., specifically provides for the investment of surplus funds by a county officer stating that such officer `having, receiving, or collecting any money, either for his office or on behalf of and subject to to subsequent distribution to another officer of state or local government, while such money is surplus to current needs of his office or is pending distribution, shall invest such money' as prescribed therein. While the statute authorizes county officers to invest surplus funds, such investment powers appear to relate to the investment of surplus public or county funds. Cf., s 219.01(2), F.S., defining `public money' for purposes of Ch. 219. In AGO 079-44 this office considered the nature of monies collected by a sheriff under an inmate work release program and the prisoners' personal funds held by the sheriff. It was this office's opinion that the wages earned by a prisoner participating in the work release program are not `public funds' as that term is used in Ch. 219 as such wages are not paid to or collected for the government or the public; rather such wages are the personal funds of the affected prisoner, albeit subject to the order of the court, and remain so unless forfeited by the court. Until so forfeited, such funds never become public money. Although the sheriff is statutorily authorized to `collect' such wages ( see, s 951.24, F.S.), his actual function is to act as administrator of the program and he must place the funds belonging to the prisoners `in trust' pending their distribution pursuant to court order. With regard to the personal funds of jail inmates held by a sheriff, this office stated that title or ownership of such funds or property never passed to any public officer or office upon `confiscation' by the sheriff and the mere custodianship and storage of an inmate's personal funds or property did not transform such funds into public funds. Cf., Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155 (1980), stating that an interpleader fund deposited in the registry of the court pursuant to court order was private money and reversing the Florida Supreme Court's decision which had considered such fund to be public money from the date of deposit until it left the account; the United States Supreme Court held that portion of s 28.33, F.S., stating that the interest earned on the investment of monies deposited in the registry of the court shall be deemed to be income of the office of the clerk of the court was unconstitutional. And see, Beckwith v. Webb's Fabulous Pharmacies, Inc., 394 So.2d 1009 (Fla. 1981), holding that s 28.33 which required the investment of money deposited in the registry of the court was unconstitutional as it applies to private monies constituting an interpleader fund which are deposited in the court registry and interest earned thereon.
With respect to the instant inquiry, the money deposited in the Bonds and Fines Agency Fund of the sheriff's department is not being paid to or collected for the government or the public, nor is such money necessarily subject to distribution to another public officer. As previously noted, for the purposes of such cash deposits, the cash bail belongs to the accused and unless and until forfeited upon default, these deposits in lieu of bail are held in trust by the sheriff for the state. Absent a default and forfeiture by the court, see, s 903.26(2), F.S., the accused/depositor is entitled to the return of the money deposited. Therefore such cash deposits appear to be the private money of the defendant and remain so until the bond is forfeited. Such private funds would not therefore appear to be subject to investment by the sheriff pursuant to s 219.075. Nor am I aware of any statutory provision which would authorize the sheriff to invest the monies deposited in the Bonds and Fines Agency Fund. While you specifically refer to the provisions of ss932.701-932.704, F.S., the Florida Contraband Forfeiture Act, the foregoing statutory provisions do not authorize the sheriff to invest monies nor can such authority be necessarily implied therefrom. Moreover, s 932.704(3)(a), F.S., requires that the cash proceeds of a forfeiture shall first be applied as prescribed therein and any remaining proceeds shall be deposited in a special law enforcement trust fund established by, and under the control of, the board of county commissioners. Therefore, in the absence of a (valid) statutory provisions authorizing the investments of such funds, I am of the opinion that the sheriff may not invest cash deposits as or in lieu of bail bonds in the Bonds and Fines Agency Fund of the sheriff's office pending disposition of defendants' cases. In light of this conclusion, it is unnecessary for this office to respond to your second question.
In conclusion, I am of the opinion that a sheriff is not authorized by law to invest cash deposits as bail or in lieu of bail bonds in the Bonds and Fines Agency Fund of the sheriff's office.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General