Mr. Lucien C. Proby, Jr. County Attorney County of Monroe Post Office Box 1680 Key West, Florida 33040
Dear Mr. Proby:
This is in response to your request for an opinion on substantially the following question:
 DOES THE MONROE COUNTY BOARD OF COUNTY COMMISSIONERS HAVE THE AUTHORITY TO ADOPT AN ORDINANCE IMPOSING THE COSTS OF INCARCERATION OF PRISONERS IN THE COUNTY JAIL AS TAXABLE COSTS IN CRIMINAL PROSECUTIONS?
According to your letter, the Monroe County Board of County Commissioners is contemplating passage of an ordinance which would provide for the assessment of incarceration expenses of prisoners in the county jail as taxable costs in criminal cases. Under the proposed ordinance, the costs for incarceration expenses would be imposed as an additional cost in those cases where a person incarcerated in the county jail pleads guilty or nolo contendere to, or is convicted of, a felony or misdemeanor; this charge or cost would be in addition to any other cost required to be imposed by law. Payment of such costs would be made a condition of probation. The clerk of the court and the sheriff would be directed to implement "this policy of payment" of incarceration costs of inmates of the Monroe County jail.
Section 125.01(1), F.S., provides in part that the "legislative and governing body of a county shall have the power to carry on county government." The Florida Supreme Court in Speer v. Olson,367 So.2d 207, 211 (Fla. 1978), has held that this provision of s125.01(1) grants to the governing body of a county the full power to carry on county government, and that unless the Legislature has preempted a particular subject relating to county government by either general or special law, the governing body of the county, by reason of this first sentence of s 125.01(1), has full authority to act through the exercise of its home rule powers. While the governing body of a county has been granted home rule powers, such powers are not unlimited but rather are confined to the authority to carry on county government. In the instant inquiry, the board of county commissioners is seeking to impose by ordinance costs in criminal cases. I do not perceive that the imposition of costs in a criminal case by the courts of this state is embraced within or derived from the power of self government granted by s 1(f), Art. VIII, State Const., or s 125.01, F.S., as construed in Speer v. Olson, supra, or that the imposition of costs in criminal cases or the operation of the courts of this state in handling criminal cases is a function or purpose or duty of county government.
In addition, it is the sheriff, not the board of county commissioners, who is responsible for the operation of the county jail and the custody of the prisoners therein. While the sheriff "has no exclusively inherent or constitutional right to the custody, care, and keeping of county convicts," see, Lang v. Walker, 35 So. 78, 80 (Fla. 1903), under the existing laws, it appears that it is the sheriff who has been charged with the responsibility for the custody and safekeeping of all prisoners committed to the county jail and for the efficient operation of the jail. See, s 30.49(2)(a), F.S., which provides:
 The sheriff shall submit with the proposed budget his sworn certificate, stating that the proposed expenditures are reasonable and necessary for the proper and efficient operation of the office for the ensuing year. Each proposed budget shall show the estimated amounts of all proposed expenditures for operating and equipping the sheriff's office and jail other than construction, repair, or capital improvement of county buildings during the said fiscal year. . . . (e.s.)
And see, s 30.28, F.S., stating that "[e]very sheriff at the expiration of his term shall deliver up to his successor the bodies of all persons whom he holds in confinement by legal process, with the precepts, warrants, or causes of such confinement." Cf., s 30.25, F.S., providing that the sheriff shall receive for feeding prisoners $1.25 per day for each prisoner fed. See also, AGO 74-266 concluding that a county ordinance cannot legally deprive or relieve the sheriff of his responsibility for the operation of the county jail and the prisoners therein; AGO 43-199, Biennial Report of the Attorney General, 1943-1944, p. 175 (sheriff exercises custody of the jail by reason of the fact that he has charge of all prisoners committed); Brown v. St. Lucie County, 153 So. 906, 908 (Fla. 1933) (county jail is county property which the sheriff is required to manage and look out for).
Moreover, it must be noted that the county commissioners' jurisdiction over the sheriff is limited. The sheriff is a constitutional county officer, see, s 1(d), Art. VIII, State Const., and as a county officer his duties, powers and compensation must be prescribed by law. See, s 5(c), Art. II, State Const., which provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law." See, AGO 84-51 wherein this office stated that an ordinance of a noncharter county is not a "law" within the meaning of s 5(c), Art. II, State Const.; and see, Advisory Opinion to Governor, 22 So.2d 398 (Fla. 1945), to the effect that the term "by law" as used in the State Constitution means a statute adopted by both houses of the Legislature. Neither s125.01, F.S., nor any other statute drawn to my attention delegates to or authorizes the board of county commissioners either to take over the sheriff's responsibilities for the care and custody of prisoners and operation of the county jail or to require the sheriff to charge and collect a fee or charge for the cost of housing and feeding such prisoners. In light of the language of s 5(c), Art. II, State Const., it appears that the county may not by ordinance impose such duties on the sheriff.
Similarly, the restrictions and limitations prescribed in s 5(c), Art. II, State Const., in requiring that the duties and powers of state and county officers be prescribed by law would appear to be equally applicable to the clerk of the court. See generally, s 16, Art. V, State Const., providing that in each county there shall be a clerk of the circuit court who shall be selected pursuant to s 1, Art. VIII, State Const.; and s 34.031, F.S., providing that the clerk of the circuit court shall be the clerk of the county court unless otherwise provided by law. I am not aware of any provision in Ch. 28, F.S., or elsewhere in the statutes, governing the clerks of the circuit court and prescribing their duties and powers, which authorizes or imposes any duty on the clerks to collect or account for or disburse an assessment or cost for the incarceration of prisoners in the county jail. In the absence of such a statute, it appears that the county may not by ordinance impose such a duty on the clerk.
Generally, the courts of this state have held the recovery and allowance of costs in criminal cases rests "entirely on statutory provisions and no right to or liability for costs exists in the absence of statutory authorization." See, e.g., Wood v. City of Jacksonville, 248 So.2d 176, 177 (1 D.C.A. Fla., 1971); Masters v. State, 358 So.2d 1143 (1 D.C.A. Fla., 1978); Warren v. Capuano,269 So.2d 380 (4 D.C.A. Fla., 1972), aff'd., 282 So.2d 873
(Fla. 1973); Lindsey v. Dykes, 175 So. 792 (Fla. 1937). And see, AGO 73-21; 20 C.J.S. Costs ss 435, 437b., and 454. Section 34.041(3), F.S., provides that in criminal proceedings in county courts, costs shall be taxed against a person in county court upon conviction or estreature pursuant to Ch. 939. See, s 939.01, F.S., which states that "[i]n all cases of conviction for crime the costs of prosecution shall be included and entered up in the judgment rendered against the convicted person." Compare, ss 939.07 and 939.15 relating to the payment of costs of an indigent defendant. In one early Florida decision, the state supreme court held that the "expense of subsisting a person after he is sentenced to imprisonment is not a part of the costs." See, Holland v. State ex rel. Duval Co., 1 So. 521, 526 (Fla. 1887); and see, 20 C.J.S. Costs s 454a, p. 695. Cf., s 30.23, F.S. 1971 (repealed by s 1, Ch. 72-92, Laws of Florida), relating to fees to be charged by the sheriffs and constables for the actual and necessary expenses of prisoners, the bill therefor to be approved by the judge having jurisdiction of the particular criminal case; and AGO 73-100 stating that by repealing s 30.23, it was the Legislature's intent to eliminate as a cost item in criminal prosecutions those fees as set by the statutes before their repeal — "Sheriffs' charges previously allowed should not now be taxed as costs against a solvent defendant upon conviction of a crime, or against the county upon the discharge of a solvent defendant or the conviction or discharge of an insolvent defendant." Moreover, this office in AGO 73-406 stated that the charges paid by a city to a sheriff for housing a city prisoner may not be taxed as costs upon conviction of such prisoner for violation of a city ordinance as such expenses are not included within the costs of prosecution and as this office found nothing in the statutes "that would indicate that the cost of housing municipal prisoners in the county jail is an allowable item of taxable costs;" instead the fines and forfeitures assessed by the court are the funds from which the city's cost of securing its prisoners are to be paid. Cf., s 9, Art. 16, State Const. 1885 (preserved as a statute by s 10, Art. XII, State Const. 1968), relating to the payment of the fines and forfeitures collected under the state's penal laws to the counties to be applied to the legal costs and expenses of criminal cases prosecuted in the name of the state when the defendant is insolvent or discharged.
Accordingly, it does not appear that the imposition of the costs of incarceration of prisoners in the county jail as taxable costs in criminal cases is a function or duty of the board of county commissioners or falls within the exercise of its home rule powers, nor does it appear that the county commission may, by ordinance, impose any duty upon or otherwise require the sheriff or the clerk of the court to implement a policy of payment of incarceration costs of prisoners of the county jail. As noted in Doran v. State, 296 So.2d 86, 87 (2 D.C.A. Fla., 1974), "the determination of which costs may be taxed has been left to the courts. . . . Yet, only those items reasonably within the scope of statutory authority are taxable." See also, Powell v. State,314 So.2d 788 (2 D.C.A. Fla., 1975); Holton v. State, 311 So.2d 711 (3 D.C.A. Fla., 1975).
I note that the proposed ordinance purports to make the payment of incarceration costs a condition of probation. This office has previously stated that the imposition of a condition of probation is a pure judicial function which the trial court must exercise as a matter of sound judicial discretion. See, AGO 83-38 wherein this office concluded that the trial court in granting probation may in its discretion impose such terms and conditions of probation as the court deems proper and will serve to rehabilitate the defendant and protect and serve the public. And see, s 948.03(1), F.S., setting forth the terms and conditions of probation and stating that the court shall determine the terms and conditions of probation and may include the terms set forth in the statute; and Arnold v. State, 356 So.2d 862 (1 D.C.A. Fla., 1978); Bernhardt v. State, 288 So.2d 490 (Fla. 1974); State ex rel. Roberts v. Cochran,140 So.2d 597 (Fla. 1962), wherein the courts held that the statutory provisions setting out procedures for extending probation privileges to those found guilty of violations of the criminal laws are not mandatory on trial judges. The payment of costs as a condition of probation would therefore also appear to be outside the realm or limits of the board of county commissioners' authority or jurisdiction to carry on county government.
In view of the foregoing, I am of the opinion that the board of county commissioners of Monroe County is not authorized by law to adopt an ordinance which imposes the costs of incarceration of prisoners in the county jail as taxable costs in criminal prosecutions, directs the clerk of court and the sheriff to implement such policy and requires the payment of such costs as a condition of probation.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General