629 So.2d 1070 (1994)
James Edward SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1842.
District Court of Appeal of Florida, First District.
January 6, 1994.
*1071 Nancy A. Daniels, Public Defender and Josephine L. Holland, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Finding no reversible error, we affirm appellant's conviction for second degree felony murder. However, we find error in the trial court's departure from the sentencing guidelines without contemporaneous issuance of written reasons therewith, and in the assessment of State Attorney's fees as a cost of prosecution.
At the sentencing hearing held on May 13, 1992, the trial court indicated that it was upwardly departing from the guidelines based upon appellant's escalating pattern of violent criminal conduct. It was not until the following day, however, that the trial judge signed and filed a written departure order. Although the written order reflects the same justification as pronounced orally, we nevertheless must find it invalid since it was not issued contemporaneously with oral sentencing. State v. Lyles, 576 So.2d 706 (Fla. 1991); Wright v. State, 617 So.2d 837 (Fla. 4th DCA 1993). Further, inasmuch as it is clear to us that the trial court intended to depart from the sentencing guidelines, we remand for the trial court to resentence appellant within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990); Kelly v. State, 616 So.2d 100 (Fla. 1st DCA 1993).
Next, the trial court's imposition of a $899.10 State Attorney's fee as a cost of prosecution is not statutorily authorized. Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), rev. denied, 618 So.2d 211 (Fla. 1993). Upon resentencing, the trial court shall omit this assessment against appellant.
The conviction is affirmed, and the case is remanded for resentencing.
SMITH, MICKLE and LAWRENCE, JJ., concur.