638 So.2d 1024 (1994)
Torey BRADSHAW and Alford R. Martin, Appellants,
v.
STATE of Florida, Appellee.
Nos. 93-397, 93-482.
District Court of Appeal of Florida, First District.
June 20, 1994.
*1025 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellants, Torey Bradshaw and Alford R. Martin, appeal their convictions and sentences for aggravated battery. Appellants contend the trial court erred (1) in admitting the testimony of a co-defendant, after appellants pursued a trial strategy predicated on his absence; and (2) in imposing court costs of $1,241.00 without citation to statutory authority.
The first issue concerns the state's alleged violation of the rules of discovery, by failing to advise appellants' trial counsel of the state's intention to call a co-defendant as a witness for the state at appellants' trial. The trial court found, and we agree, there was no rule of discovery violation. The trial court did find, however, that a local practice policy was not followed and took steps to insure that the defendants were not prejudiced. We conclude that there was no reversible error committed by the trial court with respect to the first issue.
The second issue concerns the assessment of court costs without reference to statutory authority. It is well settled that costs cannot be assessed in a criminal case unless there is statutory authority for their imposition. Wood v. City of Jacksonville, 248 So.2d 176 (Fla. 1st DCA 1971). This is because 
[c]osts as such in criminal cases were unknown to the common law. As a consequence, recovery and allowance of such costs rest entirely on statutory provisions and no right to or liability for costs exists in the absence of statutory authorization.
Wood, 248 So.2d at 177. See also Scott v. State, 629 So.2d 1070 (Fla. 1st DCA 1994); Masters v. State, 358 So.2d 1143 (Fla. 1st DCA 1978); Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Although statutorily mandated costs may be imposed without notice to a defendant, State v. Beasley, 580 So.2d 139 (Fla. 1991), the record should contain a citation to the statutory authority which supports such costs. Sutton. In the case of discretionary costs, the Second District Court of Appeal has held that the defendant must be given notice and an opportunity to be heard, and the record must contain a citation to the statutory authority for the imposition of the costs. Sutton.
While we do not find it necessary in this case to set out a requirement as broad as that adopted by the Second District, we appreciate the appeal of a clearly defined standard against which to test the propriety of an assessment of discretionary costs. For example, in the instant case, the costs document contains an assessment of $1,241.00 for "Additional Court Costs." The assessment is listed in a category designated "Other," and contains no references to statutory authority for the imposition of these additional court costs, and nothing which would enable us to ascertain the purpose, hence, authority for the $1,241.00 assessment designated additional court costs. Meaningful appellate review cannot be conducted under these circumstances. Consequently, we conclude it is improper to impose additional court costs without reference to statutory authority, or an explanation in the record as to what the additional costs represent, which is sufficiently clear to permit a reviewing court to determine the statutory authority for the costs.
Accordingly, the assessment of additional court costs in the amount of $1,241.00 is *1026 stricken. On remand, the trial court may reimpose such discretionary costs as are authorized by statute, either with reference to proper statutory authority, or with a specific explanation as to what the cost assessment represents. In all other respects, the final orders of judgment and sentence are affirmed.
ERVIN and KAHN, JJ., concur.