PER CURIAM.
In this direct criminal appeal, Lamar Graddy’s appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record, we agree with his counsel that there are no meritorious issues for appeal and affirm his judgment and sentence. We remand, however, to strike the “statutory fee and costs” of $265, as the sentencing order fails to cite the proper statutory basis for this assessment. Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). On remand, these costs may be reimposed provided the proper statutory authority is cited and the assessment is in compliance with the procedures outlined in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995)(en banc).
We also remand to strike the public defender fee of $300, as this discretionary cost was imposed without notice to Graddy of his right to a hearing to contest this amount. Baucham v. State, 676 So.2d 53 (Fla. 1st DCA), review denied, 683 So.2d 484 (Fla. 1996); Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995). On remand, the public defender fee may be reimposed after Graddy is given proper notice and an opportunity to be heard on the amount of the fee.
We accordingly affirm in part, reverse in part, and remand for consistent proceedings.
MINER, WEBSTER and LAWRENCE, JJ., concur.