The Honorable John Dean Moxley, Jr. Chief Judge, Eighteenth Judicial Circuit 506 South Palm Avenue Titusville, Florida 32796
Dear Judge Moxley:
You have asked for my opinion on substantially the following questions:
1. Does section 939.17, Florida Statutes, apply only to bonds deposited as the result of a judgment against a defendant (which includes fines and costs) or may it also apply to bonds that are deposited solely for the purpose of gaining pretrial release?
2. Does section 939.17, Florida Statutes, authorize the clerk of court to automatically subtract the amount of fines and costs out of the bond without court order or must there be a court order in each individual case authorizing the clerk to subtract such amounts as have been determined by the court before the remaining portion is returned to the depositor?
In sum:
1. The provisions of section 939.17, Florida Statutes, apply only to money deposited by a defendant after a judgment has been entered for the payment of a fine and costs and may not be applied to bail monies collected to secure pretrial release of a defendant.
2. Section 939.17, Florida Statutes, authorizes the clerk to subtract the amount of fines and costs out of the bond upon the direction of the court. This may be accomplished by entry of an order in each individual case or by entry of an administrative order of the chief judge providing directions to the clerk on how to accomplish the distribution prescribed in the statute.
Question One
The admission to bail of persons arrested for criminal offenses is governed by the provisions of Chapter 903, Florida Statutes.[1]
The purpose of such bail is to secure the attendance of the accused at his trial to answer the charges against him.[2] Upon complying with the conditions of the bond, the defendant is entitled to the return of the money deposited; there is no statutory authorization for the deduction of costs or fines from cash bail deposited by a defendant.[3] Thus, as a general rule, money deposited as bail under a statute providing therefor is, for purposes of the deposit, conclusively presumed to be the property of the accused although it may be forfeited if the person for whom bail has been granted fails to comply with the conditions of the bail bond; money deposited in lieu of bail with an officer is held in trust by such officer for the state until forfeited upon default.[4]
You have asked specifically about section 939.17, Florida Statutes, which provides for the deposit of money by a defendant for the payment of a fine and costs after a judgment has been entered. The statute provides:
In any prosecution for an offense against the state or any political subdivision thereof, when money has been deposited by or on behalf of the defendant upon a judgment for the payment of a fine and costs, the clerk shall, under the direction of the court, apply the money deposited in satisfaction of such fine and costs and return the remainder to the depositor.
The money deposited pursuant to section 939.17, Florida Statutes, is separate and distinct from bond money collected and held pursuant to Chapter 903, Florida Statutes, and is treated separately as provided above.
Costs in criminal cases were unknown to the common law. As a consequence, recovery and allowance of costs rests entirely on statutory provisions and no right to or liability for costs exists in the absence of statutory authorization.[5] This principle has been adopted as the prevailing rule in Florida.[6] Further, it is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another. Thus, when a statute enumerates the things upon which it is to operate, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[7]
Employing this rule of statutory construction and the policy of the State discussed above, it is my opinion that the provisions of section 939.17, Florida Statutes, apply only to money deposited by a defendant after a judgment has been entered for the payment of a fine and costs and may not be applied to bail monies collected to secure pretrial release of a defendant.
Question Two
Your second question deals with the duties of the clerk of court in carrying out the provisions of section 939.17, Florida Statutes. The statute requires that the clerk, "under the direction of the court," apply the money deposited in satisfaction of a fine and costs and return any remaining money to the depositor. You ask whether the phrase "direction of the court" requires the entry of a written order of the court in each individual case.
The language "direction of the court" appears in a number of statutes and generally relates to written instructions given by the court to the clerk to perform the duties of that office. For example, section 28.29, Florida Statutes, provides that:
"Orders of dismissal and final judgments of the courts in civil actions shall be recorded in official records. Other orders shall be recorded only on written direction of the court. The direction may be by incorporation in the order of the words "To be recorded" or words to that effect. . . ." (e.s.)
Similarly, section 45.031(1), relating to the sale of real or personal property under an order or judgment, states that "[i]n the order or final judgment, the court shall direct the clerk to sell the property at public sale. . . ." (e.s.)
I note that in both of these examples and others,[8] the statute specifically requires that the direction of the court be contained in an order or judgment in a particular case. Section 939.17, Florida Statutes, does not impose such a requirement and I cannot conclude that it must be inferred.[9]
Therefore, it is my opinion that, in an effort to promote efficiency, the chief judge of the circuit may, by written administrative order, provide instructions to the clerk on how to accomplish the distribution of money under section 939.17, Florida Statutes, in appropriate cases without the necessity of entering such an order in each individual case.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] And see, s. 903.16, Fla. Stat., providing for the deposit of money or bonds as bail; and Fla.R.Cr.P. 3.131.
[2] See, Fla.R.Cr.P. 3.131(e).
[3] See, Gustafson v. State, 251 So.2d 689 (Fla. 4th DCA 1971),cert. denied, 254 So.2d 789 (Fla. 1971). And see, s. 903.31, Fla. Stat., which provides in part that an adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond and that the original appearance bond "shall not be construed to guarantee . . . payment of fines . . . provide[d] in the judgment." See generally, 8 C.J.S. Bail ss. 30 and 53.
[4] 8 C.J.S. Bail s. 53. See, Young v. Stoutamire, 179 So. 797
(Fla. 1938) (money deposited in lieu of bail with an officer or judge is held in trust by such person for the state until forfeited upon default and accused is entitled to a return of deposit where there has been a decision in his favor as where he is discharged, where he surrenders himself, or where he has been illegally arrested or the deposit has been illegally accepted).
[5] See generally, 20 C.J.S. Costs s. 4, p. 11.
[6] See, Wood v. City of Jacksonville, 248 So.2d 176 (Fla. 1st DCA 1971); City of Miami v. Gilbert, 102 So.2d 818 (Fla. 3d DCA 1958); State ex rel. Royal Ins. Co. v. Barrs, 99 So. 668 (Fla. 1924); and Op. Att'y Gen. Fla. 73-406 (1973).
[7] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbsv. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal FarmsDrainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[8] See, e.g., s. 34.191(3), Fla. Stat., "[i]f a municipality incurs any cost of operation of the county court, including any cost of prosecution, it may apply to the chief judge of the circuit for an order directing the county to distribute reasonable court costs to the municipality[.]"
[9] Cf., s. 744.646, Fla. Stat., which authorizes a settlement between a guardian and ward under the direction of the court under certain circumstances; and s. 859.08, Fla. Stat., which authorizes the forfeiture and destruction of adulterated drugs and medicine under the direction of the court.