Dear Mr. Burke:
You have requested my opinion on substantially the following question: Do the terms of section 903.286, Florida Statutes, supercede or repeal the requirements of section 939.17, Florida Statutes, for purposes of distributing cash bond monies posted prior to July 1, 2005?
Chapter 903, Florida Statutes, governs the admission to bail of persons arrested for criminal offenses.[1] The purpose of bail is to secure the attendance of the accused at trial to answer the charges brought against him or her.[2] Upon complying with the conditions of the bond, the defendant is entitled to the return of the money deposited; prior to the enactment of section 903.286, Florida Statutes, there was no statutory authorization for the deduction of costs or fines from cash bail deposited by a defendant.[3] Thus, it has been the general rule that money deposited as bail under a statute providing therefor is, for purposes of the deposit, conclusively presumed to be the property of the accused although it may be forfeited if the person for whom bail has been granted fails to comply with the conditions of the bail bond; money deposited in lieu of bail with an officer is held in trust by such officer for the state until forfeited upon default.[4]
Section 903.286, Florida Statutes, was enacted in 2005[5]
and provides for the disposition of cash bonds posted on behalf of criminal defendants. The statute provides in pertinent part:
"[T]he clerk of the court shall withhold from the return of a cash bond posted on behalf of a criminal defendant by a person other than a bail bond agent licensed pursuant to chapter 648 sufficient funds to pay any unpaid court fees, court costs, and criminal penalties. In the event that sufficient funds are not available to pay all unpaid court fees, court costs, and criminal penalties, the clerk of the court shall immediately obtain payment from the defendant or enroll the defendant in a payment plan pursuant to s. 28.246."
As used in Chapter 903, the terms "bail" and "bond" "include any and all forms of pretrial release."[6] This provision became effective on July 1, 2005.[7] You have asked whether, following its enactment, this statute acts to supercede or repeal by implication the provisions of section 939.17, Florida Statutes.
Section 939.17, Florida Statutes, deals with the application of cash deposits to fines and costs:
"In any prosecution for an offense against the state or any political subdivision thereof, when money has been deposited by or on behalf of the defendant upon a judgment for the payment of a fine and costs, the clerk shall, under the direction of the court, apply the money deposited in satisfaction of such fine and costs and return the remainder to the depositor."
This statutory provision was enacted in 1972 and has not been amended.[8] The statute authorizes the clerk, upon court order, to use those moneys deposited to ensure the payment of the fine and costs of a defendant's prosecution, to satisfy the fine imposed by the court and the costs accruing from the action.[9] Section 939.17, Florida Statutes, does not address bond posted for pretrial release.
In Attorney General Opinion 97-24, this office was asked whether section 939.17, Florida Statutes, applied exclusively to bonds deposited as the result of a judgment against a defendant or whether it would also apply to bonds deposited solely for the purpose of gaining pretrial release. The opinion noted that money deposited pursuant to section 939.17, Florida Statutes, is separate and distinct from bond money collected and held pursuant to Chapter 903, Florida Statutes, and is treated separately pursuant to section 939.17.
Nothing in the legislative history surrounding the enactment of section 903.286, Florida Statutes, indicates a legislative intent to supercede the provisions of section 939.17, Florida Statutes. Moreover, there is a general presumption that later statutes are passed with knowledge of prior existing laws, and a construction is favored giving each statute a field of operation rather than having the former statute repealed by implication.[10]
Therefore, in light of the distinct nature of moneys collected pursuant to section 939.17, Florida Statutes, and section903.286, Florida Statutes, and the Legislature's separate and distinct treatment of these funds, it is my opinion that each statute must be read to have an independent scope of operation. In direct response to your question, section 903.286, Florida Statutes, was not enacted to and does not supercede or repeal by implication the provisions of section 939.17, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] And see, e.g., s. 903.16, Fla. Stat., providing for the deposit of money or bonds as bail and Fla.R.Cr.P. 3.131 "Pretrial Release".
[2] See Fla.R.Cr.P. 3.131(e).
[3] See Op. Att'y Gen. Fla. 97-24 (1997), and Gustafson v.State, 251 So. 2d 689 (Fla. 4th DCA 1971), cert. denied,254 So. 2d 789 (Fla. 1971). And see s. 903.31, Fla. Stat., which provides in part that an adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond and that the original appearance bond "shall not be construed to guarantee . . . payment of fines . . . provide[d] in the judgment." Seegenerally, 8 C.J.S. Bail ss. 30 and 53.
[4] See, 8 C.J.S. Bail s. 53. And see, Young v.Stoutamire, 179 So. 797 (Fla. 1938) (money deposited in lieu of bail with an officer or judge is held in trust by such person for the state until forfeited upon default and accused is entitled to a return of deposit where there has been a decision in his favor as where he is discharged, where he surrenders himself, or where he has been illegally arrested or the deposit has been illegally accepted).
[5] See s. 57, Ch. 2005-236, Laws of Florida.
[6] See s. 903.011, Fla. Stat.
[7] See s. 76, Ch. 2005-236, Laws of Florida.
[8] See History, section 939.17, Florida Statutes.
[9] See 921.15, Fla. Stat., authorizing a defendant who is sentenced to pay a fine to give bail guaranteeing full payment of that fine within a 90 day period.
[10] See Oldham v. Rooks, 361 So. 2d 140 (Fla. 1978);Dickinson v. Davis, 224 So. 2d 262 (Fla. 1969) (Legislature is presumed to know existing law when statute is enacted). See alsoWoodgate Development Corporation v. Hamilton Investment Trust,351 So. 2d 14 (Fla. 1977) (courts presume that statutes are passed with knowledge of prior existing statutes and that Legislature does not intend to keep contradictory enactments on the books or to effect so important a measure as repeal of law without expressing an intention to do so).