# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2823
_____

RASHA J. CUMMINGS,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for the Fourteenth Judicial Circuit, Gulf County.
Devin D. Collier, Judge.


December 20, 2023


PER CURIAM.


Appellant raises two issues on appeal from his judgment and sentence for fleeing and attempting to elude a law enforcement officer with high speed or reckless driving. § 316.1935(3)(a), Fla. Stat. (2021). We affirm Issue I without comment. In Issue II, Appellant argues the trial court erred in presumptively denying his motion to correct sentencing errors regarding improperly assessed court fees and costs. We agree in part as discussed below.

Appellant argues the $100 cost of prosecution should not have been assessed because it was not requested by the State at sentencing. We recently held the State is not required to request

the mandatory cost of prosecution before the trial court may assess this cost. *See Parks v. State*, 48 Fla. L. Weekly D1524 (Fla. 1st DCA August 2, 2023). We affirm the $100 cost of prosecution in the judgment and sentence.

Appellant argues that the $150 public defender assistance fee was assessed in error because there was no proof supporting a fee more than the $100 minimum felony fee provided for in section 938.29(1)(a), Florida Statutes. We agree. Section 938.29(1)(a) is clear that, "The court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred." Appellant did not agree to this fee nor is there any evidence supporting the higher fee in the record. We reverse the $150 public defender assistance fee and remand to the trial court to assess the correct fee.

Appellant challenges the following as lacking the required statutory citation: $3 Law Enforcement Officer Radio System Trust Fund and $1 per month Florida First Step. "'[I]t is improper to impose additional court costs without reference to statutory authority, or an explanation in the record as to what the additional costs represent.'" *Williams v. State*, 285 So. 3d 1003, 1005 (Fla. 1st DCA 2019) (quoting *Bradshaw v. State*, 638 So. 2d 1024, 1025 (Fla. 1st DCA 1994)). We disagree with Appellant on the $3 Law Enforcement Officer Radio System Trust Fund as the authority for that cost, section 318.18(17), Florida Statutes, was referenced in the written judgment and sentence. We affirm the $3 Law Enforcement Officer Radio System Trust Fund cost.

We agree with the State's concession that the $1 per month Florida First Step Act fee lacks proper statutory citation. Further, we find no support for assessment of this fee in the record. We also agree with the State's concession that the $2 per month for supervision pursuant to section 948.08, Florida Statutes, appears to be in error. We reverse the imposition of these fees and remand to the trial court for further consideration.

We AFFIRM Appellant's conviction under section 316.1935(3)(a), Florida Statutes. We REVERSE the aforementioned portions of the written judgment and sentence and REMAND to the trial court for further action consistent with this opinion.

ROBERTS, KELSEY, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Christina Day Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.